## MISSOURI, O. & G. RY. CO. v. PORTER.

No. 3605.   Opinion Filed March 24, 1914.

(139 Pac. 954.)

**CARRIERS—Shipment Contract—Limitation of Liability—Validity.**   A special contract executed between a common carrier and a shipper, in consideration of a lower freight rate, providing that in case of loss or damage to the property the liability of the carrier shall not exceed a maximum valuation per 100 pounds, is not a contract attempting to exempt the carrier from liability on account of its own negligence; and if the contract is reasonable and just, and has been fairly entered into by the shipper, the same will be upheld as a proper and lawful means of determining the amount of the carrier's liability in case of loss.

(Syllabus by Brewer, C.)

*Error from County Court, Hughes County;*
*P. W. Gardner, Judge.*

Action by Cora Porter against the Missouri, Oklahoma & Gulf Railway Company.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

*E. R. Jones* and *J. C. Wilhoit* (*Alexander New* and *Arthur Miller* of counsel), for plaintiff in error.

Opinion by BREWER, C.   The defendant in error, as plaintiff below, sued the defendant railway in a justice of the peace court for damages for the loss of some household goods alleged to have been shipped over defendant's line from Muskogee to Lamar, Okla.   Judgment was entered against the railway in the justice court, and it appealed to the county court of Hughes county, where judgment was again rendered against the defendant, and it brings the case here for review on case-made.

At the trial the plaintiff, for the purpose of proving the contract of carriage, introduced in evidence the bill of lading under which the shipment was received and carried.   This contract, among other provisions, contained the following:

"1 B & H H Goods 200 Rel. Val. $5.00 C.W.T.   In case L or D Prepaid Paid Jan. 3, 1910 C. R. Kelly by Jones, Missouri, Oklahoma & Gulf R. R. Co."

These terms were explained by plaintiff's witness to mean.

"One box household goods, weighing 200 pounds at owner's risk; released value $5.00 on the hundred weight in case of loss or damage."

At the conclusion of all the evidence the defendant requested the court to give to the jury the following instruction:

"You are instructed that, under and by virtue of the terms of the written contract introduced in evidence herein, the plaintiff can only recover, if she is entitled to recover anything, the sum of $10, or $5 per cwt., for the 200 pounds, the weight of the shipment."

This instruction was refused by the court, and the following given as the measure of damages:

"If you should, from the evidence, conclude that it is your duty to find for plaintiff for the alleged loss of the goods, or any of the goods alleged to be included in said shipment, you are instructed that the measure of damages by which you are to be governed in estimating the damages of plaintiff herein is the market value of the goods alleged and found by you to have been lost in the city of Muskogee, Okla., at the time same were delivered to defendant for shipment."

The court erred. The contract of carriage relied on by plaintiff, and proven by her, provided for a release of value down to $5 per 100 pounds. This provision has been upheld by the courts as reasonable. This court, following the clear weight of authorities, has held that a special contract executed between a carrier and shipper, in consideration of a lower freight rate, providing that in case of total loss of the property the liability of the carrier shall not exceed a maximum valuation per 100 pounds, is not a contract attempting to exempt the carrier from liability on account of its own negligence; and if the contract is reasonable and just, and has been fairly entered into by the shipper, the same will be upheld as a proper and lawful means of determining the amount of the carrier's liability in case of total loss. *St. L. & S. F. R. Co. v. Copeland,* 23 Okla. 837, 102 Pac. 104; *Patterson v. M., K. & T. Ry. Co.,* 24 Okla. 747, 104 Pac. 31; *M., K. & T. Ry. Co. v. Davis,* 24 Okla. 677, 104 Pac. 34, 24 L. R. A. (N. S.) 866; *St. L. & S. F. R. Co. v. Cake,* 25 Okla. 227, 105 Pac. 322; *C., R. I. & P. Ry. Co. v. Wehrman,* 25 Okla.

147, 105 Pac. 328; *M., K. & T. Ry. Co. v. Hancock,* 26 Okla. 254, 109 Pac. 220; *M., K. & T. Ry. Co. v. Hancock & Goodbar,* 26 Okla. 265, 109 Pac. 223; *Midland Valley R. Co. v. Ezell,* 29 Okla. 40, 116 Pac. 163; *Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, and cases cited; *Kansas City Southern Ry. Co. v. Carl,* 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683.

The general ground upon which the shipper is limited to the valuation he has declared or agreed upon is that of estoppel, which is based upon the supposition that the particular valuation was made for the purpose of attaining the lower of two available rates based on valuation. *M., K. & T. Ry. Co. v. Harriman Bros.,* 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690. In this case the plaintiff introduced and relies upon the contract in which the released value provision is found, and no complaint is made that it is either unreasonable or unjust, or was not fairly entered into. *Kansas City Southern Ry. Co. v. Carl,* 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683.

The cause should be reversed and remanded for a new trial.

By the Court:   It is so ordered.