LUSK et al., Receivers, v. DURANT NURSERY CO.

No. 8854—Opinion Filed Feb. 17, 1920.

Rehearing Denied March 16, 1920.

(Syllabus by the Court.)

1. **Carriers—Action for Damages to Freight by Delay—Through Contract—Liability of Delivering Carrier—Defense—Burden of Proof.**

In case a shipment of freight under contract with a carrier for shipment, not only over its own line, but also a connecting line, in an action by the consignor against the delivering carrier, where the evidence disclosed that the initial carrier had issued a receipt to the consignor to the effect that the goods were received by it "in apparent good order, the burden of proof was on the carrier to rebut said prima facie presumption of delivery" in apparent good order, or to show that the alleged damages or negligence in delay for said shipment occurred before it reached the delivering carrier line. ;

2. **Same—Damages for Delay—Proof.**

In order to recover damages for an alleged delay in the shipment of freight, it is necessary to introduce some competent evidence tending to show the length of time ordinarily required to transport the shipment from the place where received to the point of delivery, and that a longer time was actually consumed than was necessary for that purpose.

3. **Carriers—Shipping Contract—Maximum Valuation—Validity.**

A special contract executed between a common carrier and a shipper, in consideration of a lower freight rate, providing that in case of loss or damage to the property the liability of the carrier shall not exceed a maximum valuation per one hundred pounds, is not a contract attempting to exempt the carrier from liability on account of its own negligence; and if the contract is reasonable and just, and has been fairly entered into by the shipper, the same will be upheld as a proper and lawful means of determining the amount of the carrier's liability in case of loss.

Error from County Court, Murray County; J. H. Casteel, Judge.

Action by the Durant Nursery Company against James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company and the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendants bring error. Upon rehearing as to the latter company, affirmed upon condition of remittitur.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for plaintiffs in error.

Walter E. Latimer and Utterback & Macdonald, for defendant in error.

McNEILL, J. This action was commenced in the county court of Murray county by the defendant in error, the Durant Nursery Company, against James W. Lusk, W. C. Nixon, and W. B. Biddle, receivers for the St. Louis & San Francisco Railroad Company (commonly called the "Frisco Railroad"), and the Chicago, Rock Island & Pacific Railway Company (commonly called the "Rock Island"), for damages caused by delay in a certain shipment of fruit trees from Durant, Oklahoma, to Chickasha, Oklahoma. The petition alleged that the shipment was received by the Frisco Railroad at Durant on October 31, 1914, and delivered by the Rock Island at Chickasha, Oklahoma, on November 11, 1914, and that said shipment was delayed an unusual length of time, and that by reason of said unusual delay the trees were damaged and worthless.

Upon the trial of the case in the county court, the jury returned a verdict in favor of the defendant in error and against the plaintiffs in error in the sum of $638.75, and the court entered joint and several judgments against the plaintiffs in error for the full amount of the verdict. This court in a former opinion reversed the case as to J W. Lusk et al., as receivers of the St. Louis & San Francisco Railroad Company, and affirmed the judgment as to the Chicago, Rock Island & Pacific Railway Company for the reason the latter company had filed no brief.

On petition, the Chicago, Rock Island & Pacific Railway Company was granted a rehearing, and the cause as to it was again submitted upon the merits. For reversal of the judgment, the Chicago, Rock Island & Pacific Railway Company has briefed the question upon four separate grounds. They first assert that the judgment below was a joint judgment and a reversal as to one of the plaintiffs in error required a reversal as to the other plaintiff in error, and under the pleadings in the case that the court below could only render a joint judgment. An examination of the record discloses that the judgment rendered in the lower court was against the plaintiffs in error jointly and severally. The record further disclosed that the form of the judgment as to being a joint and several judgment was approved by the plaintiffs in error. Under this state of the record, plaintiff in error cannot now contend that the court below committed error in rendering a several judgment against the plaintiff in error.

The second contention made is, there was

no evidence that the trees were in good order at the time the same were received for shipment by the Frisco Railroad Company.

The Frisco Railroad Company attached to its answer a copy of what purported to be a receipt requested by the Durant Nursery Company, which receipt was executed by the agent of said Railroad Company, and delivered to the Durant Nursery Company, and contained the following statement:

"Received from Durant Nursery Company in apparently good order the articles named below to be delivered in like good order without unnecessary delay."

The defendant in error objected to the introduction of this receipt, but the same was introduced by the attorney for plaintiffs in error, so they cannot now complain that the same was not properly before the court. This court, in the case of St. Louis & S. F. R. Co. v. Jamieson, 20 Okla. 654, 95 Pac. 417, stated as follows:

"Where several packages are delivered in one shipment and under a single entire contract to a carrier for shipment, not only over its own line, but also a connecting line, in an action by the consignee against the delivering carrier, from which he received a portion of the consigned goods, for injury and loss, on the introduction by the plaintiff of the bill of lading issued by the initial carrier to the effect that the goods were received by it 'in apparent good order', the burden of proof was on it to rebut such prima facie presumption of delivery 'in apparent good order', or to show that the alleged damage or loss occurred before it reached its line."

By applying the same reason to the case at bar, we think the receipt is prima facie evidence that the articles were received in apparently good order.

The third assignment of error is that the evidence is insufficient to support the finding of the jury that the trees were unreasonably delayed in transit. The defendant in error introduced evidence that like shipments had been received at Durant and shipped over the Frisco and Rock Island Railroad to Chickasha and other points on the Rock Island in the vicinity of Chickasha, and said shipments had reached their destination in from three to five days from the time of shipment. There was also evidence of the defendant in error that if the trees were delivered in five or six days from the time of being received for shipment the trees would not be damaged, but if the trees were in transit from ten to fifteen days, that the packing around the trees would dry out and

kill the trees. On behalf of the plaintiff in error, it is contended that the shipment was a local shipment, and that it would require a period of approximately ten days to ship said trees from Durant to Chickasha, a distance of 240 miles, and that said trees arrived within said time. There was no evidence as to where the trees were from the date they left Durant until received at Chickasha. The evidence as to the time it would take a local shipment to be carried from Durant to Chickasha is conflicting. This court, in the case of St. Louis & S. F. R. Co. v. Shepard, 40 Okla. 589, 139 Pac. 833, in quoting from the case of Cleve v. Chicago, etc., R. Co. (Neb.) 108 N. W. 982, stated as follows:

"In order to recover damages for an alleged delay in the shipment of live stock, it is necessary to introduce some competent evidence tending to show the length of time ordinarily required to transport the shipment from the place where received to the point of delivery, and that a longer time was actually consumed than was necessary for that purpose."

We think there was sufficient evidence to submit the case to the jury.

Plaintiff in error next contends that if the evidence was sufficient to support the verdict, it will be necessary to reduce the amount of judgment from $638.75 to $225, in accordance with the contract as to the value of the trees as disclosed by the receipt, which contains the provision that the shipment was received under the following conditions, to wit:

"Released at $5 per 100 pounds valuation and freight charges guaranteed by shipper."

This provision in shipping contracts has been upheld in this court in the following cases: Missouri, O. & G. R. Co. v. Porter, 41 Okla. 702, 139 Pac. 954; Haskell v. St. Louis & S. F. R. Co., 62 Oklahoma, 162 Pac. 459.

We think this contention is well taken. The evidence disclosed that this form of receipt was furnished by the nursery company and contained the provision stated above. We think the court should have instructed the jury, under the evidence in the case, that the amount of recovery should be limited to the $225.

For the reasons stated, upon the defendant in error filing a remittitur of the judgment in excess of $225 within fifteen days, the case will be affirmed, otherwise stand reversed with instructions to grant plaintiff in error a new trial.

RAINEY, V. C. J., and KANE, PITCHFORD. JOHNSON, and HIGGINS, JJ., concur.