**WESTERN UNION TEL. CO. v. HANKINS.**

No. 12122—Opinion Filed Nov. 12, 1924.

1. **Telegraphs and Telephones—Nondelivery of Messages—Contract Limitations of Liability—Invalidity.**

A provision printed on a telegraphic blank to the effect that the company shall not be liable for damages for the nondelivery of the message, whether caused by the negligence of its servants or otherwise beyond the sum of $50, is in conflict with section 4951, Comp. Stat. 1921.

2. **Same—Death Message—Presumption of Relation of Sendee.**

The fact that a telegraphic message is sent relating to death or sickness is suffi-

cient to reasonably indicate that the addressee is interested by ties of affection in the person about whom the message relates.

3. **Same—Negligence in Transmission—Recovery for Mental Suffering—Statute.**

Section 4951, Comp. Stat. 1921, does not contemplate that the liability o_ the telegraph company for damages for mental anguish or suffering for negligence in receiving transmitting. or delivering messages shall depend upon the relationship of persons injured thereby, but such damages are recoverable by any person so injured, even in the absence of bodily injury or pecuniary loss.

4. **Statutes—Question of Existence of Bill—Resort to Legislative Journals.**

The rule obtains in this state that an enrolled bill on file in the office of the secretary of State imparts absolute verity, and the same cannot be. impeached by the legislative journals, and when such an act is called into question the courts will look to the enrolled bill only. This is the rule where the bill is attacked for some irregularity. But when the very existence of the bill is questioned, based upon the fact that the enrolled bill cannot be produced, the court will look to the journals for the information.

(Syllabus by Pinkham. C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Pottawatomie County; Leander G. Pitman. Judge.

Action· by Ada B. Hankins against the Western Union Telegraph Company. From judgment in favor of the plaintiff, defendant brings error. Affirmed.

Abernathy & Howell and Keaton, Wells & Johnston, for plaintiff in error.

M. L. Hankins, for defendant in error.

Opinion by PINKHAM, C. This suit was instituted by Ada B. Hankins, defendant Union Telegraph Company, plaintiff in error as defendant, in the trial cou * to recover damages for mental anguish, pain, and suffering on account of the failure of the defendant company to deliver to her a message advising her of the death of a cousin and foster child.

The cousin died in Oklahoma City and the message was sent from that point to the sendee at Altus, Okla., but was not delivered to the sendee.

The case was tried before a jury and resulted in a verdict and judgment for the plaintiff in the sum of $958.33.

Motion for a new trial was overruled and

the case comes regularly on appeal by the defendant company to this court.

It is conceded in the brief of the defendant company that there was evidence sufficient to go to the jury on the question of negligence, but it is urged that error was committed in this: That plaintiff was not entitled to recover damages for mental anguish; that the relationship of plaintiff as cousin to the deceased was too remote to justify such damage; and, further. that the defendant company had no notice whatever of special affection.

Prior to the enactment of the statute, Session Laws, 1917 (section 4951, Comp. Stat. 1921) this court held that, "In the absence of statute damages are not recoverable for mental distress alone caused by negligent delay in delivering a telegram."

In Western Union Tel. Co. v. Foy, 32 Okla. 801, 124 Pac. 305, it is said in the opinion:

"We may first consider that it may now be regarded as the law in this state in harmony with the weight of authority elsewhere that damages are not recoverable for mental distress alone, caused by negligent delay in delivering a telegram."

These decisions, rendered in 1912, are based upon the theory that damages in such cases were not recoverable at common law, and in the absence of a statute making telegraph companies doing business in this state liable for damages to any person injured thereby for mental anguish a recovery of damages by such person could not be had.

With knowledge of these decisions it was undoubtedly the intention of the Legislature of 1917 to establish the doctrine in this state for mental anguish in telegraph cases.

The language of the act of 1917, section 4951, supra, leaves no room for judicial construction.

That act provides:

"All telegraph companies doing business in this state for hire shall be liable for damages to any person injured thereby for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss for negligence in receiving, transmitting, or delivering messages; and in all actions of this kind, the jury, or court, may award damages as they conclude resulted from the negligence of such telegraph company."

The case of Western Union Tel. Co. v. Hogue (Ark.) 94 S. W. 924, is cited in the brief of the defendant company in support of its contention that section 4951,

supra, appears to have been copied from a statute of that state; that its enactment does not give any new meaning to the mental anguish doctrine, but adopts that doctrine with all its limitations as expressed in the decisions of the courts in those jurisdictions where mental anguish damages have been previously recognized.

As we understand it the proposition contended for is that the statute in question was taken from the state of Arkansas, and must be construed in the light of the decisions of that state.

However, that may be, it is clear that the case cited lends no support to the defendant company's contention. In the Western Union Tel. Co. v. Hogue Case, supra. a death message was not involved, and nothing was said in the message in that case from which the defendant company could infer that mental anguish might follow if the message was not delivered.

The message in the Hogue Case, supra, read, "I will be there on the evening train."

The court held:

"A telegram merely stating that the sender would arrive at the place to which the telegram was sent upon the evening train did not charge the telegraph company with knowledge of the existence of any relations between the parties which would give rise to mental anguish in case the message was not delivered."

In the case of Western Union Tel. Co. v. Moxley, 98 S. W. 112, the Supreme Court of Arkansas, after discussing the Texas rule as enunciated in Western Union Tel. Co. v. Coffin, 30 S. W. 896, and Western Union Tel. Co. v. Wilson (Tex.) 75 S. W. 482, makes the following statement:

"The doctrine announced by those cases does not commend itself to our approval. * * * Where the message upon its face gives notice of a state of facts as of physical injury, illness. or death from which the company may fairly infer that mental anguish will result to the sender or addressee from delay in its transmission or delivery, then the company will be liable for negligent delay. Special notice that the relationship between the parties is such that delay will cause mental anguish is unnecessary;" citing Cashion v. Telegraph Company, 124 N. C. 459, 32 S. E. 746.

In Capers v. Western Union Tel. Co. (S. C.) 50 S. E. 537, cited by the defendant company, it is held that:

"In order to recover damages from a telegraph company for delay in delivery of a telegram, it is essential, where a recovery

is based on its special nature, that knowledge of its special importance should appear from the language of the telegram, or that it be alleged that defendant was otherwise informed of its special importance."

The message in the instant case was as follows: "Ida K. passed away at 3 p. m. today with pneumonia, wire if can come."

The message was signed by a sister of the plaintiff, dated April 29, 1920.

It would be a reflection upon the intelligence of the company's operators to say that this message did not show the nature of the communication and the great importance of its meaning. Furthermore, the evidence shows that the sister of the plaintiff who delivered this message to the operator called his especial attention to the importance of the message and made inquiry when the same would be sent and delivered.

In Lyne v. Telegraph Co., 31 S. E. 350, the Supreme Court of North Carolina held, under a statute similar to ours, that where a telegram relates to sickness or death it is not necessary to disclose to the company the relation of the parties as there is a common sense suggestion that it is important and that mental suffering to someone will result from delay.

In Seddon v. Western Union Tel. Co., 126 N. W. 969, the Supreme Court of Iowa, in the fourth paragraph of the syllabus, uses the following language:

"The relation of uncle and nephew is not necessarily so remote as to prevent recovery of damages for mental suffering arising from a telegraph company's negligent delay in delivering a message announcing the nephew's death."

The provisions of section 4951, supra, do not contemplate that the liability of a telegraph company for damages for mental anguish or suffering caused by its negligence in receiving, transmitting, or delivering messages shall depend upon the relationship of the party injured thereby, but that such damages are recoverable by any person so injured even in the absence of bodily injury or pecuniary loss, so that the cases cited from other jurisdictions where such statutes do not exist are not controlling.

It is insisted that in the instant case it was expressly agreed that the value of the message was $50, and that this valuation has been expressly validated by Order No. 149 of the Corporation Commission. The official order promulgated by the commission was offered in evidence by the defendant company and was refused by the court.

The purpose of the defendant company in seeking to introduce this Order No. 149 was to show that the $50 valuation clause printed on the back of the message had been validated by the commission, and was therefore binding on the plaintiff as to the amount that could be recovered by her as damages for the negligence, if any, of the company in failing to deliver the same to her.

The order in question, a copy of which is incorporated in the record, contains this language:

"All rules and regulations of telegraph companies operating in Oklahoma in force and effect on the 1st day of January, 1912, not changed by the rules and regulations herein prescribed, shall remain in full force and effect until changed by the commission."

An examination of this order discloses that it did not attempt to give these stipulations upon the back of the telegraph forms any more force or effect than were given them under the laws, federal or state.

Furthermore, the rates which the commission is authorized to prescribe are rates for services rendered and not for compensation for injuries suffered by reason of the negligence of the company, particularly so in cases falling within the provisions of a statute providing that, " * * * In all cases of this kind the jury or court may award such damages as they conclude resulted from the negligence of such telegraph company."

A number of cases decided by this court are cited in the brief of the defendant company relative to the power of the Corporation Commission under the Constitution to regulate and control transmission companies in all matters relating to the performance of their public duties and their charges therefor.

We observe nothing in these cases that in any way affects the proposition contended for by the defendant company.

It is said that our own court has sustained similar clauses as applied to shipments on house-hold goods, cattle shipments, etc., and the case of M., O. & G. Ry. Co. v. Porter, 41 Okla. 702, 139 Pac. 954, and the case of Lusk et al. v. Durant Nursery Co., 77 Okla. 288, 188 Pac. 104, are cited in support of the proposition that the $50 valuation clause restricted the plaintiff to that amount of recovery.

Neither of the cases cited refer to section 4951, supra. Neither case involved a message such as the one in the present case.

The Porter Case, supra, involved a ship-

ment of household goods and the Lusk Case a shipment of fruit trees, this last case being an interstate shipment. In both of these cases it was held, in effect, that the particular valuation was made for the purpose of attaining the lower of two available rates based on valuation.

There is a consideration in these cases for the limitation in the carrier's contract in this: That the shippers, as a consideration therefor, received the benefit of a reduced rate of carriage.

Whatever the rule may be with respect to placing a valuation on intangible property it is clear that in a case of the kind here involved the $50 valuation clause printed on the back of the company's telegraph forms can have no application to a death message.

In the case of Western Union Tel. Co. v. Bailey (Tex.) 196 S. W. 516, it is said in the opinion:

"The stipulation upon the back of the message, amounting in its effect to an attempt to exempt the company from the consequences of its own negligence, was void under the law both of this state and the state of Tennessee. Telegraph Company v. Neill, 57 Tex. 283 44 Am. Rep. 589; Railway Company v. Smith, 123 Tenn. 678, 134 S. W. 866."

In the case of Fox v. Postal Telegraph Cable Co. (Wis.) 120 N. W. 399, it is said in the third paragraph of the syllabus:

"A provision in a contract with a telegraph company, relieving it of liability for delay in the delivery of a message, is void as contrary to public policy, and is also in conflict with St. 1898, sec. 1778, providing that a telegraph company shall be liable for all damages occasioned by the failure or negligence of its servants in receiving, copying, transmitting, or delivering dispatches."

We conclude that there is no merit in the contention that the damages in a case such as that before us must be limited to the sum of $50 by reason of the valuation clause to that effect, in the telegraph blanks of the defendant company, in view of a positive statutory provision that telegraph companies shall be liable in damages for mental anguish or suffering for negligence in transmitting or delivering messages, and that the jury may award such damages as they conclude resulted from negligence. Under such statute a provision in telegraph blanks limiting damages to $50 is ineffectual to so limit a recovery for negligence in failing to deliver a death message.

It appears that the defendant company offered in evidence certain copies of the House and Senate journals relating to the passage of the mental anguish statute on or about the 17th day of March, 1917, section 4951, supra.

It is urged that the court erred in not admitting as evidence these journals relating to the enactment of this statute.

The precise question raised in the brief of the defendant company has been passed upon by this court adversely to the company's contention. A., T. & S. F. Ry. Co. v. State, 28 Okla. 94, 113 Pac. 921; McNeal v. Ritterbusch, County Treasurer, et al., 29 Okla. 223, 116 Pac. 778; Johnson v. Grady County, 50 Okla. 188, 150 Pac. 497.

In the last case cited it is said in the syllabus:

"The rule obtains in this state that an enrolled bill on file in the office of the Secretary of State imparts absolute verity and the same cannot be impeached by the legislative journals and, when such an act is called into question, the courts will look to the enrolled bill only. This is the rule where the bill is attacked for some irregularity; but when the very existence of the bill is questioned, based upon the fact that the enrolled bill cannot be produced the court will look to the journals for information."

There is no contention as to the existence of the bill; the only question raised is the irregularity with which the same was passed.

Other errors are assigned relating to the introduction of evidence, and the refusal of the trial court to give instructions offered by the company, and to the giving of instructions. In the view we take of this case it is unnecessary to examine and discuss them. It is sufficient to say we think there is no reversible error, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.