## CHICAGO, R. I. & P. R. CO. v. GEISSLER.

No. 25695. March 3, 1936.

Rehearing Denied Sept. 22, 1936.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for plaintiff in error.

Embry, Johnson, Crowe & Tolbert, for defendant in error.

BAYLESS, J. The Chicago, Rock Island & Pacific Railway Company, a corporation, defendant below, appeals to this court from a judgment of the district court of Oklahoma county, Okla., in favor of Arthur H. Geissler, plaintiff. The parties will be referred to herein as plaintiff and defendant.

Plaintiff sued for $2,181, representing alleged damage to and loss of certain household goods. Defendant, a common carrier, defended upon the ground of limitation of amount of liability by virtue of provisions of the shipping contract.

We do not believe there is any dispute about the goods arriving at Oklahoma City in a damaged condition; some injured and others destroyed. We doubt whether there is really any dispute as to defendant's legal responsibility therefor. At least the argument in defendant's brief is limited almost wholly to limiting the amount of recovery.

The evidence shows that plaintiff shipped the household goods, with certain small parcels excepted, from Gautemala to San Francisco by boat; that an agent of a railway company there solicited the carriage of said goods from San Francisco to Oklahoma City, via its lines and those of defendant; that plaintiff inquired of the rates which competing roads might offer and was told such rates were uniform and specified by the I. C. C.; that plaintiff thereupon inquired as to the rate to Oklahoma City, and after investigation by the soliciting agent, was informed that it was $1.71 per cwt. and that his goods, weighing 22,420 lbs., would cost $383.38 to ship to Oklahoma City; that plaintiff thereupon paid that sum and directed the goods shipped; that such agents thereupon made out a "uniform straight bill of lading" (upon a form prescribed by I. C. C.) and said goods were shipped thereunder; that plaintiff did not sign this bill of lading or see it until sometime after the goods arrived in Oklahoma City; that under I. C. C. regulation and authority the carriers had established 5 classes of values upon goods shipped from San Francisco, and that rates were prescribed according to value declared and carriers were forbidden to receive shipments not declared within one of said classes; that the rate at

which these goods were charged and shipped was the lowest, and limited the recovery value to $10 per cwt.; that there was typed into the form the following: "Released to value of $10 per 100#"; and that plaintiff was not asked to declare the value, did not know of his own knowledge of the various rates based upon values, and did not know of the limitation in this bill of lading until the claim arose.

Several contentions are made, but one is decisive. It is needless to discuss the others.

Plaintiff contends that the bill of lading did not constitute the shipping contract because of his lack of assent thereto, and the illegality of such contract as a limitation upon defendant's common-law liability. Defendant contends that the contract is valid and binding in every respect.

Plaintiff relies upon Union Pacific R. Co. v. Burk, 255 U. S. 317, 65 L. Ed. 656. We do not think it controls, because it is specifically pointed out therein that carriers may limit their liability where they are permitted to classify freight and charge accordingly; but the carrier therein could not limit its liability therein because there were no classifications then in effect and the shipper had no choice. In the case we are now considering there were classifications based upon declared values, and various rates were based thereon.

The main question is: Whether, where there are such classifications, and where such goods are accepted from the shipper without any declaration of value from him, and where he is informed of a rate of charge for shipment and he ships thereunder, whether he is bound by the implications arising therefrom, whether known or assented to by him? In other words, where he agrees upon one factor of the agreement, whether he is bound by other concomitant factors?

The Supreme Court of the United States said in American Ry. Express Co. v. Lindenburg, 260 U. S. 584, 67 L. Ed. 414, that the bill of lading under which the goods were shipped and paid for was the contract of the parties despite the fact the shipper had not signed it. In other words, the lack of signature or actually expressed assent is immaterial.

In American Ry. Express Co. v. Daniel, 269 U. S. 40, 70 L. Ed. 154, it was held that the shipper's ignorance of the classifications as to value and difference in rates was no excuse, since shippers were charged with constructive notice and must be presumed to know such rates.

In the case before us, the uniform straight bill of lading under which these goods were shipped constitutes the contract of the parties by virtue of the force of law; the rate for carriage agreed upon between the parties carried with it all of the legal effects prescribed by the laws of the United States and the rules and regulations of the I. C. C. thereunder; and the plaintiff's ignorance thereof or inattention thereto makes no difference. The plaintiff's recovery, if any, is limited by the terms of the shipping contract.

The judgment of the trial court is reversed, and the cause is remanded.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.