ATCHISON, T. & S. F. R. CO. v. EDDIE et al.

No. 22655.    Oct. 20, 1936.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for plaintiff in error.

Twyford & Smith, for defendants in error.

PER CURIAM. In the interest of clarity, plaintiff in error will be hereinafter designated as the defendant, and defendants in error will be designated as plaintiffs, the positions occupied in the court below.

This action was brought to recover damages to two carloads of bran and shorts transported over defendant's line of railway from Winfield, Kan., to Oklahoma City, Okla. The shipments were loaded in defendant's cars at Winfield on November 17, 1928. Heavy rains had fallen in the vicinity of Winfield for two days, adjacent streams were rising, and defendant issued the shipper a uniform bill of lading, providing in part:

"____ Received ____ from the consolidated Flour Mills Company of Wichita, Kansas, the property described below, in apparent good order,"

—describing the two carloads of feed and bearing the penciled provision: "Subject to delay account high water."

Meanwhile the water reached a flood stage, and because of high water and washouts no train service at all was possible for two days. Further delay was necessitated by removing the debris and mud from the cars and wheels, and repairing the damage caused by the flood. The two cars in question, therefore, did not leave Winfield until November 23d, some five days after being loaded, arriving at Oklahoma City on November 24th or November 25th.

Upon arrival of the two cars at Oklahoma City, B. D. Eddie, one of the plaintiffs, testified that the roof and ceiling of the car of bran had the appearance of water having leaked or splashed in, and that the water in the car containing the shorts appeared to have been ten inches deep above the floor of the car; that water had come into the car from the sides.

M. A. McNutt, traffic manager for the Superior Feed Mills, testified there were water marks inside and outside the car containing the shorts, that the ceilings were damp and wet, that water was still dripping from the ceiling of one of the cars, and that he observed some small holes in the top of the other car.

E. L. Trolinger, damage inspector for the Western Weighing & Inspection Bureau, testified that water was dripping from the roof of one of the cars; that he attributed this to a sweating of the shorts; that he observed no holes in the ceiling of either car.

Defendant's first proposition is that the court erred in overruling its demurrer to the evidence because the damage was due to a flood so unprecedented in size as to constitute an "Act of God." This argument would be unassailable were it not for the above testimony from which the jury might have drawn an inference of negligence in furnishing defective equipment:

"An act of God, such as a severe blizzard and snowstorm, which will excuse a carrier for liability for loss, must not only be the proximate cause of the loss, but it must be the sole cause, and though the loss may have been caused by an act of God, yet if the negligence of the defendant commingles with such act of God as an efficient, contributing concurrent cause, and it appears from the evidence and the circumstances of the case that such injury would not have occurred except for such negligence, the company will be liable." St. Louis & S. F. Railway Co. v. Dreyfus, 42 Okla. 401, 141 P. 773.

Plaintiffs had established a prima facie case and the demurrer was properly overruled.

Defendant's second proposition is that plaintiffs failed to establish that the feed was in good condition when delivered to it by the shipper at Winfield. That was a burden which rested on plaintiffs, which they discharged by introduction in evidence of the above-described bill of lading bearing the acknowledgment by the defendant that the feed was received by it "in apparent good order."

This court has heretofore held that proof of the issuing by a carrier to the shipper of a bill of lading receipt, to the effect that the goods were received "in apparent good order," creates a prima facie presumption of delivering in apparent good order, and passes the burden to the carrier of rebutting such presumption. See Lusk v. Durant Nursery Co., 77 Okla. 288, 232 P. 11; St. Louis & S. F. Railway Co. v. Jamieson, 20 Okla. 654, 95 P. 417. Defendant made no effort to rebut such presumption, which, therefore, remained unchallenged.

Defendant's third proposition assigns as error the refusal of its requested instructions

numbered 1, 5, 6, 7, 9, 10, 11, and 12. We have carefully examined defendant's requested instructions and find that they were properly denied by the trial court.

Defendant's fourth proposition goes to the propriety of instructions Nos. 5, 6, and 7. These instructions properly defined the duties of the defendant, the "Act of God" theory, and measure of damages, and laid down the law applicable to the case. We find no error in the instructions complained of.

Defendant's fifth proposition challenges the admissibility of evidence as to delay in the shipment, an element of negligence not pleaded in the petition.

The petition charged that the feed was in good condition when delivered to defendant and in a damaged condition when it arrived at destination; that defendant permitted it to come in contact with large quantities of water; that it failed to protect the goods from the elements; and that the box cars were leaky and the roofs thereof permitted the water to run into and upon the contents.

Without objection B. D. Eddie, one of the plaintiffs, was permitted to testify that the shipment was made on November 17th and arrived at Oklahoma City on November 26th. The record shows that defendant's attorney thereupon asked:

"You are not asking any damages for delay are you?"

That plaintiffs' attorney replied:

"No, no, not at all, we just want to show that as a question of negligence."

Thereafter, and over defendant's objection, plaintiffs were permitted to testify that the ordinary shipment from Winfield to Oklahoma City required but three days. There was no dispute, however, concerning the delay, the testimony being in almost complete agreement as to the date of shipment and date of arrival, and we fail to see where defendant was prejudiced by the testimony as to the delay which it itself had already admitted.

Defendant has filed an exhaustive and well-reasoned brief, and there was abundant evidence upon which a contrary verdict might have been reached. At the same time there was sufficient evidence to support the verdict for the plaintiffs, which was a question of fact for the jury and which this court cannot disturb.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys Hal Crouch, Felix Bodovitz, and W. I. Williams in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After analysis of law and facts was prepared by Mr. Crouch and approved by Mr. Bodovitz and Mr. Williams, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur. RILEY, BAYLESS, BUSBY, and GIBSON, JJ., absent.