RAILWAY EXPRESS AGENCY v. STEPHENS et al.

No. 27348. April 19, 1938.

Rehearing Denied Oct. 25, 1938.

Application for Leave to File Second Petition for Rehearing Denied Nov. 15, 1938.

A. M. Hartung, General Solicitor, and R. E. Bowling, for plaintiff in error.

Blanton, Curtis & Blanton, for defendants in error.

GIBSON, J. Defendants in error brought this action in the district court of Garvin county against plaintiff in error, declaring upon the latter's receipt for goods delivered to it for interstate shipment, and seeking to recover the actual value of said goods for failure of delivery. The appeal is from the judgment upon a verdict for plaintiffs below.

The first assignment of error deals with the action of the court in permitting plaintiffs, after demurrer to their evidence, to reopen the case for the purpose of proving demand or claim upon defendant prior to suit, as required by the express receipt.

Defendant fails to present any authority in support of its contention that the aforesaid procedure constituted error. Neither does it show wherein prejudice resulted therefrom. Unless undue prejudice results to the defendant in such case, the trial court may, in its discretion, authorize the procedure here complained of. Save Sales Co. v. Futral, 180 Okla. 145, 69 P.2d 349. The court there held as follows:

"A request to reopen a case for the introduction of additional evidence is addressed largely to the sound discretion of the trial court, and its ruling thereon will not be disturbed by this court unless it clearly appears that the trial court abused its discretion."

Here no abuse of discretion is shown.

By reason of the rule that this court on review will not turn to the record in search of alleged prejudicial errors not clearly pointed out in the briefs (Polson v. Pirtle, 173 Okla. 594, 49 P.2d 531), and the rule that assignments not supported by sufficient argument or citation of authorities will not be considered, the alleged error here in question is passed without further comment. Town of Sentinel v. Boggs, 177 Okla. 623, 61 P.2d 654.

The action of the trial court in overruling defendant's demurrer to plaintiffs' evidence is assigned as error.

If the plaintiffs by their evidence in chief failed to establish the allegations of their petition the trial court erred in not sustaining the demurrer to that evidence. By this assignment defendant expects to obtain a review of the evidence with reference to the question of its sufficiency for the purpose above stated. But the error, if any, in such case is waived when defendant fails to stand on the demurrer and proceeds with the defense and introduces evidence in support thereof (Lone Star Gas Co. v. Parsons, 159 Okla. 52, 14 P.2d 369), and, if he fails to renew the demurrer or request an instructed verdict at the close of all the evidence, and permits submission of issues, the verdict is conclusive so far as the sufficiency of the evidence is concerned. Remund v. Liberty Nat. Bank of Weatherford, 168 Okla. 580, 35 P.2d 457; Marland Refining Co. v. Harrel, 167 Okla. 548, 31 P.2d 121. The rule is stated in Remund v. Liberty Nat. Bank of Weatherford, above as follows:

"Where the defendant demurs to the evidence in chief of the plaintiff, and defendant afterwards introduces evidence, and thereafter plaintiff introduces further evidence, and in rebuttal, and the defendant fails to renew his demurrer to all the evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict on review in this court is conclusive so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice."

If the demurrer is renewed or if instructed verdict is requested, the review extends to all the evidence and not alone to plaintiff's evidence in chief. If exceptions are properly saved to the court's ruling in either of the two named instances, and the alleged error properly assigned here, all the evidence will be reviewed for the purpose of testing its sufficiency to support the verdict.

In the instant case defendant failed to renew its demurrer, but it did request a peremptory instruction. This request for an instructed verdict was submitted along with five other requested instructions, all of which were refused by the court. This action of the court is presented as error under a single assignment, and we find on examination thereof that the court properly refused one of said requests as erroneous. The entire assignment must therefore fall, includ-

ing the alleged error in not directing a verdict for defendant; the assignment presents nothing for review. The governing rule is stated in Swift v. McMurray, 133 Okla. 104, 271 P. 635, as follows:

"Where several instructions are requested and refused, and the refusal of all of the requested instructions is presented for review under a single assignment of error, and any one of said instructions is erroneous, no error is presented."

See, also, Cities Service Oil Co. v. Boggs, 170 Okla. 335, 40 P.2d 638, 640.

Although the value of the goods as fixed by the consignor and stated in the express receipt was $150, plaintiffs sought to recover $750 damages for the loss thereof. The court in its instructions did not limit the recovery, but fixed the measure of damages according to actual value. The verdict was for $400. The instruction on measure of damages was clearly erroneous. The shipment was interstate, making the contract subject to the laws of the United States and the rules and regulations of the Interstate Commerce Commission. In such case, where the shipment is classified as to value, as was done here, and the rate of the carrier is based thereon in accordance with the regulations of the commission aforesaid, the plaintiffs' recovery is limited to the value placed upon the goods by the shipper; the bill of lading is the contract of the parties, and plaintiffs' recovery is limited by the terms thereof. Chicago, R. I. & P. R. Co. v. Geissler, 177 Okla. 560, 61 P.2d 14. That the bill of lading is not signed by the shipper (sec. 9256, O. S. 1931, 13 Okla. St. Ann. sec. 16) is immaterial. Id. The common-law rule, founded upon public policy, is that a common carrier is answerable for loss of or damage to the goods transported, from any cause save the act of God or the public enemy; and the carrier may exempt itself by contract from liability for the consequences of events beyond its control, but it cannot contract for relief from liability for its own negligence even if there is a special consideration therefor moving from the carrier to the shipper. Steamship Ansaldo etc. v. Rheinstrom Brothers Co., 294 U. S. 494, 55 S. Ct. 483, 79 L. Ed. 1016. However, where the bill of lading stipulates the value of the goods and that valuation affects the carriage charges, as in this case, the extent of damages is limited by such value. The rule as applied to interstate shipments is stated in the fifth headnote of the last-cited case, 79 L. Ed. 1017, as follows:

"Where a bill of lading stipulates the value of the goods and that in consideration of the rate to be charged the carrier's liability shall be limited to the stipulated value, damages for loss or injury are computed in the usual way without reference to the stipulation, but if when so computed they exceed the agreed limit of value no recovery of the excess may be had."

The rule is based upon estoppel, 10 C. J. 167; Missouri, O. & G. Ry. Co. v. Porter, 41 Okla. 702, 139 P. 954.

Plaintiffs insist that the stipulated value does not limit the recovery where there is a conversion of the goods, citing 10 C. J. 167, sec. 213, and certain decisions. There is evidence of a conversion in the instant case. But there was no unauthorized or undue assumption and exercise of the right of ownership to the exclusion of the owner's rights; the carrier is not shown to have intentionally taken over the property to the exclusion of the owner. There may have occurred what is ordinarily termed a constructive or technical conversion, a conversion merely by misdelivery. The Supreme Court of the United States has held that the limitation of stipulated valuation applies in such case. Missouri Pacific Ry. Co. v. Boone, 270 U. S. 466, 70 L. Ed. 688, 46 S. Ct. 341; see, also, 9 Am. Jur. 899, sec. 772.

Defendant was not bound to request a correct instruction on this question in order to save the same for review. The trial court is charged with the duty of correctly instructing the jury on the measure of damages, and an erroneous instruction thereon is saved for review by the due objection and exception thereto on the part of defendant. Section 360, O. S. 1931, 12 Okla. St. Ann. sec. 578. But where defendant fails to offer a correct instruction on the measure of damages, the erroneous instruction thereon will ordinarily be held harmless if the verdict does not appear to be excessive. City of Holdenville v. Kiser, 179 Okla. 216, 64 P.2d 1223. However, where the recovery clearly appears to be excessive as a result of an erroneous instruction duly objected to in compliance with the aforesaid statute, the judgment will either be reversed and the cause remanded for a new trial or will be modified by this court, if circumstances permit, and judgment rendered for the proper amount as reflected by the evidence. Section 528, O. S. 1931, 12 Okla. St. Ann. sec. 952.

In the instant case the record clearly shows that plaintiffs were entitled to recover no more than $150 and costs. The judgment for $400 was excessive accordingly. In Stumpf v. Stumpf, 173 Okla. 1, 46 P.2d 315, we held as follows:

"Under section 528, O. S. 1931, this court

has the power, on appeal, to modify the judgment of any county, superior, or district court, and where the record clearly shows the judgment of any such court to be excessive and the amount of such excess, and definitely, clearly, and satisfactorily shows the amount for which judgment should have been rendered, this court will modify the judgment accordingly."

Here the recovery should be limited to the value agreed upon in the contract, or $150, and the judgment modified to that extent.

The judgment of the trial court is therefore modified accordingly, and the cause remanded, with directions to enter judgment for plaintiffs in the sum of $150. The costs of appeal are divided equally between the parties.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, HURST, and DAVISON, JJ., concur. WELCH J., absent.