**BARKER v. WEST PUB. CO.**

No. 35957.

Supreme Court of Oklahoma.

March 2, 1954.

Rehearing Denied March 23, 1954.

Norman Barker, Tulsa, pro se.

Joe N. Shidler, Tulsa, for defendant in error.

O'NEAL, Justice.

West Publishing Company, hereinafter called plaintiff, brought an action against Norman Barker, defendant, for $220, unpaid balance for books purchased from plaintiff on conditional sales contract. There was a trial to the jury and a verdict returned for the amount for which suit was brought and judgment entered thereon.

Thereafter an execution was issued and levy made upon certain books and the books have been sold and credit given upon the judgment.

After execution was levied the defendant filed a motion to quash and set aside the levy on the ground that it was illegal and void. The trial court overruled the motion to quash and set aside the execution and defendant appeals.

■ Several assignments of error are made in the petition in error, among them, the property levied upon was exempt. In the brief of plaintiff in error there are only two assignments of error supported by authorities. Under the rule announced in Railway Express Agency v. Stephens, 183 Okl. 615, 83 P.2d 858, the assignments of error not hereinafter mentioned are deemed waived for the reason that they have not been supported by argument and authorities.

■ Plaintiff in error first argues that it was necessary to appraise the property upon which levy was made. With this contention we cannot agree. So far as we have been able to discover 12 O.S.1951 § 759 is the only provision for appraisal of property. No other is cited and no case suggesting appraising of personal property before sale is furnished by the plaintiff in error. All the authorities cited by him relate to the sale of real property which the statute covers specifically. This assignment of error is without merit.

■ Finally it is argued that the court of common pleas of Tulsa County was without authority to exercise equitable jurisdiction; and that the judgment rendered is a foreclosure of a lien—an action in equity. We must likewise hold that this argument is without merit.

Although plaintiff attaches to its petition a copy of a conditional sales contract plaintiff did not seek to foreclose a lien or to exercise any right under the conditional sales contract. The judgment obtained is a judgment at law for $220. The first mention of a conditional sales contract is in the order of sale after execution. The record does not contain any evidence and we are unable to determine whether the books levied upon are the same books covered by the conditional sales contract although both parties assume in their brief that they are. Since the only assignments of error presented to this court are the failure to appraise the property, and that the trial court has no jurisdiction of the proceedings, any irregularity in proceeding after judgment, other than the failure to appraise is waived. There is no showing that the court attempted to foreclose a lien or otherwise exercise equitable jurisdiction.

Judgment affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.