## ADAMS v. OXLEY.

No. 12750—Opinion Filed Sept. 23, 1924.

### 1. Taxation—Tax Deeds—Invalidity.

Where the county treasurer fails to set out his acts and proceedings in the tax deed relating to the sale and resale of the property, and merely sets out legal conclusions, such tax deed is void.

### 2. Same.

Tax deed examined and held void on its face. (Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, and Tibbetts v. Reynolds, 101 Okla 119, 223 Pac. 185, followed.)

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County; T. P. Clay, Assigned Judge.

Action by H. M. Adams against Clark Oxley. Judgment for defendant, and plaintiff appeals. Affirmed.

H. M. Adams, for plaintiff in error.

C. G. Horner, John J. Hildreth, and F. H. McGuire, for defendant in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. Plaintiff brought an action against the defendant for the recovery of certain real estate lo-

cated in the city of Guthrie, Okla. Plaintiff claims title by virtue of a tax deed. The tax deed contains the following recitals:

"Whereas the county treasurer of Logan county, state of Oklahoma, did by virtue of authority in him vested by law, at sales begun and publicly held on the first Monday in November, 1916 and 1917, respectively, between the hours of 9 o'clock a. m. and 4 o'clock p. m. of said days, offer at public sale at the county treasurer's office of said Logan county, separately and severally, the tracts, parcels, or lots of land hereinafter in this indenture described, for the payment of the taxes of the previous year, and interest, penalty and costs, then due and remaining thereon, respectively, **after due and legal notice of such sale had been published, as required by law.**

"And whereas, at the time and place aforesaid, no bidder or bidders offered the amount due on said lots, tracts, or parcels of land (or any or either of them), and the same could not then be sold for the amount of taxes, interest, penalty and costs and due and remaining unpaid thereon, respectively, to any person or bidder in whole, or in part or parcel thereof, respectively, at said public sales, and thereupon the said lots, tracts or parcels of land was then and there severally and separately bid off by ———————, the county treasurer of said Logan county, in the name and for the county of Logan and state of Oklahoma, for the whole amount of taxes, penalty, interest and costs then due and remaining unpaid thereon, respectively, which lots, tracts, or parcels of land and the amount of taxes, penalty, interest and costs then due and remaining unpaid thereon, were respectively as follows, to wit: (Said lands being described by lots and blocks)

"And whereas, said county treasurer of said Logan county, having made out certificates of purchase in writing to said Logan county for the said lots, tracts, or parcels of land hereinafter described and bid in as aforesaid, the same as if said sale had been made to any other purchaser."

The deed further contains a recital:

"* * * That said lands had been legally advertised for sale for said taxes on the first Monday of November, 1916, and 1917. respectively, and the same could not then be sold to any bidder or bidders at said sales."

The deed contains the further recital that the county treasurer duly advertised as provided by law, giving notice of the sale of real estate once a week for four consecutive weeks. preceding said resale in a newspaper in said county, etc., setting forth that the same had not been redeemed for a period of two years from the date of said sale, etc., and that said real estate would be sold to the highest bidder for cash.

It is clear that the deed does not contain any recital of facts relative to the notice given of the sales for taxes on the first Monday of November, 1916 and 1917, respectively, at which the county treasurer, for the county, was a purchaser.

Therefore this case comes within the rule announced in the case of Pierce v. Barrett, 93 Okla. 283, 220 Pac. 653, in which, in an able opinion by Commissioner Stephenson, the following statement is made:

"While not here deciding that the presumptions created by section 9750, supra, in favor of the validity of a tax deed, will apply to a resale tax deed, the latter must contain a statement of the matters and proceedings resulting in the sale in order to receive the benefit of the presumption in favor of the validity of the acts therein recited. Nor are the requirements of section 9746, supra, satisfied by the county treasurer setting out in the deed his conclusions as to the regularity of the acts and proceedings resulting in the resale. The treasurer should set out the acts and proceedings in the deed relating to the tax sale and resale of the property, and leave to the court the duty of passing upon the sufficiency of the acts and proceedings to meet the requirements of the law for a valid tax deed. Geekie v. Kirby Carpenter Co., 106 U. S. 379, 27 U. S. (L Ed.) 157; De Frieze v. Quint, 94 Cal. 653, 30 Pac .1, 28 A. S. R. 151; Conners v. Lowell, 209 Mass 111, 95 N. E. 412, Ann. Cas. 1912B, 627; State v. Winn, 19 Wis. 304, 88 Am. Dec. 689.

"In order for a tax deed to be valid on its face it must contain a recital of the facts from which the court may conclude that all statutory and legal requirements have been satisfied The court will not take the conclusions and opinions of the officer making the sale and preparing the deed, as to the regularity of the acts and proceedings relating to material matters in the sale and resale of property for taxes, in lieu of a statement of the facts. Charland v. Home for Aged Women, 204 Mass. 563, 91 N. E. 146, 134 A. S. R 696.

"**The deed in the instant case recites that the tax sale of the property to the county was on due and legal notice. Relating to a prerequisite act for a valid sale to the county, the absence of which would render the sale void, we have only the legal conclusions of the officer executing the deed to the defendant.** The opinion of the officer executing the deed as to the sufficiency of the notice of the sale of the property is of no more aid to the court in determining the validity of the sale and tax deed, than if the deed had been silent in this respect. Inasmuch as the deed failed to meet the legal requirements in a material matter, it is void upon its face. The deed being void upon its face is insufficient to set the statutes of limitations in operation against the

plaintiff's right to maintain the present action. Keller v. Hawk, 19 Okla. 4$7, 91 Pac. 778; Blanchard v. Reed, 67 Okla. 137, 168 Pac 664."

To the same effect is Tibbetts v. Reynolds, 101 Okla. 119, 223 Pac. 185.

It is clear that under the decisions of the court and the rule announced in the foregoing authority, the tax deed relied on by the plaintiff in this action is void, for the reason that the facts as to notice and the actual proceedings on which the tax sale was made to the county treasurer in November. 1916, and November, 1917, are not set out.

The trial court held the tax deed void and its judgment is therefore affirmed.

By the Court: It is so ordered.