## CHENEY v. COX.

No. 16939. Opinion Filed Dec. 14, 1926.

Rehearing Denied June 7, 1927.

1. **Taxation—Tax Deed Substantially in Statutory Form not Void on Its Face—Recitals by Way of Conclusions.**

In enactment of section 9752, C. O. S. 1921, prescribing the form of a tax deed, the Legislature had plenary authority and power thereunto. A tax deed substantially in such form is not void on its face. Where a tax deed recites by way of conclusion, substantially in the language of such form statute, any necessary prerequisite of the proceedings leading to the tax deed, such deed is not void on its face for failure to recite also the doing of the prerequisite acts in detail.

2. **Same—Deed as Presumptive Evidence.**

Section 9750, Id., providing as a rule of evidence that a duly executed tax deed, substantially according to said statutory form, shall be presumptive evidence in all courts of the state of six certain matters leading to the execution of such deed, and otherwise fortifying such deed as a muniment of title, shifts the burden of proof to one attacking such deed. Among such matters of which such deed is presumptive evidence, is this, that the property was duly advertised before being sold. Such deed is therefore not void on its face because of such conclusion.

3. **Same—Neglect of Remedies for Illegal Assessments—Tax Deed not Void.**

The statutes provide remedies for the property owner against illegal assessments of county, state, and other taxes. An owner cannot neglect such remedies and suffer his property to be sold for taxes and conveyed in compliance with the statutes and thereafter attack the tax deed on the ground that part of the taxes were illegally levied.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Love County; W. F. Freeman, Judge.

Action by B. G. Cheney against Edwin B. Cox. From a judgment for the latter, the former appeals. Affirmed.

Wilkins & Wilkins, for plaintiff in error.

Cruce & Potter, for defendent in error.

Opinion by ESTES, C.. Parties appear in the same order as in the trial court. Cheney sued Cox and others to foreclose a mortgage on real estate. The defendants defaulted, except .Cox, who filed answer and cross-petition setting up a tax deed—not a resale deed—issued to one Foster, and a conveyance from Foster to himself, claiming title thereunder, and praying for affirmative decree accordingly against plaintiff. The proceedings of the tax sale and the tax deed to Foster were subsequent to the mortgage of plaintiff on the same real estate. Plaintiff replied that the Foster tax deed was void on its face because it did not contain recitals required by law, and also that it showed that the land was sold for 1920 taxes which taxes were illegally levied. The court held that the tax deed was valid and conveyed good title as against the plaintiff, and quieted title to the real estate in defendant, rendering judgment, however, in favor of plaintiff as against that defendant who executed the note to plaintiff, secured by the mortgage. It thus appears that the sole question presented here by plaintiff's appeal is whether such tax deed is valid. Under the assignments of error, plaintiff argues that the following recitation and others contained in the deed, render the deed void on its face and do not comply with the law in that they do not set out the acts and proceedings, but state conclusions, to wit:

"That said lands have been legally advertised for sale for taxes and were sold on the 7th day of November, 1921."

1. The tax deed in question is in the form of tax deed prescribed by the Legislature in section 9752, C. O. S. 1921, verbatim et literatim et punctuatim. The necessary data is supplied in the blanks of that form and the acknow'edgment literally conforms thereto. That section declares that a tax deed shall be substantially in such form. Can it be that the court, without declaring such statute unconstitutional, may render the same innocuous and nugatory, by decreeing that a tax deed shall contain other and additional recitals than those prescribed, in order to be valid on its face? It is certainly competent and within the powers of the Legislature to prescribe the form of tax deed. Black on Tax Titles, concluding the discussion whether a tax deed should recite facts of notice or a conclusion thereon says:

"The necessity of solving this question, however, will be obviated in those states

where the statute expressly prescribes the form of tax deed; for if this is followed, the deed will be sufficient."

This court, in Turman et al. v. Ingram, 83 Okla. 198, 202 Pac. 993, specifically recognizes the authority of the Legislature to prescribe the form of tax deed, holding that a deed is not void on its face because it contains the recitation by way of conclusion that the lands had been legally advertised for sale for taxes. The necessity and the propriety for such form prescribed by the Legislature are so apparent that we deem it unnecessary to cite the numerous authorities thereto.

2. Section 9750, Id., the presumptive evidence statute, provides, inter alia, when a tax deed is duly executed and recorded, it shall vest the purchaser with full right, title, and interest in the lands; and shall be presumptive evidence in all the courts of the state, in all suits and controversies in relation to the rights of the purchaser, his heirs or assigns, of six certain matters and things among which is that the property was sold for taxes as stated in the deed, and was duly advertised before being sold, and that, to defeat the deed, it must be clearly pleaded and clearly proven that some one of such six requisites was wholly omitted, and that a showing of irregularity in the doing of them will not be sufficient to defeat the deed. This statute, in effect, prescribes a rule of evidence and fortifies such deed as a muniment of title—it places the burden of proof on one attacking the deed. It goes without saying that the Legislature is competent to prescribe a constitutional rule of evidence. This rule is not novel— it is the rule applicable to written instruments generally. We do not deem it necessary to cite the numerous authorities to this proposition, but see Turpin v. Lemon, 187 U. S. 51. A presumption vanishes from the back door when evidence enters the front. Of course the presumption in favor of a tax deed cannot stand in the face of positive evidence contravening its recitals. Under our triune division of the powers of government, this court cannot strike down said statutes on non-constitutional grounds by requiring that a tax deed, in order to be valid on its face and be presumptive evidence of the title of the purchaser, must contain other and additional matters than those prescribed and authorized by the Legislature. To do so would be to prostitute the judicial function by supererogation of the Legislative function.

It is contended that said deed is thus void upon its face under Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, and Adams v. Oxley, 103 Okla. 23, 229 Pac. 195, and other recent decisions of this court. These cases have to do with resale tax deeds. Whether said decisions be overruled may, with more propriety, be left to a case involving a resale tax deed. In so far as they conflict herewith, they are specifically overruled. If the instant deed were on resale, still the contentions are not tenable under the recent case of Hatchett v. Going, Co. Treas., 121 Okla. 25, 246 Pac. 1100. Mr. Justice Riley, speaking for this court, says:

"We decline to follow the reasoning urged, for in our opinion section 9750, Compiled Statutes, 1921, known as the presumptive evidence statute, applies to resale tax deeds and when such deeds contain the things required by chapter 158, section 6, Session Laws 1923, (amending section 9746, Compiled Oklahoma Statutes, 1921), and a recital of notice as required by section 4 of said amendment, * * * together with the recitals contained in the form statute, section 9752, Compiled Oklahoma Statutes, 1921, in so far as the same is applicable to resale tax deeds, as is done in the deed before us, then the deed is sufficient to withstand this attack by this writ of mandamus and the evidence presented in support thereof. By the presumptive evidence statute, supra, the burden of proof resting in common law upon the purchaser shifts to the one contesting the sa'e. Turpin v. Lemon, 187 U. S. 51; 37 Cyc. 1457; Pillow v. Roberts, 54 U. S. Sup. Ct. 472; Gibson v. Hammerburg (Kan.) 83 Pac. 23, 37 Cyc. 1432; Cochran v. Sullivan, 94 Okla. 23, 220 Pac. 870.

"Prior to the amendment of 1923, supra, it was required that a resale tax deed, in addition to the recitals required, contain a summary recital of the proceedings in the matters pertaining to the resale. By the amendment this summary recital requirement was omitted and in lieu thereof it was prescribed that such deed 'shall be upon a form to be prescribed by a (sic) State Examiner and Inspector.' Thus there was quieted a great deal of contention dealing with just what constituted a summary recital, and whether a conclusion such as 'that such land has been legally advertised for sale for said taxes,' expressed in the form statute, was by force of the act made a summary. We do not think it indispensable to the validity of this resale tax deed that the same should contain the recitals urged relative to the original sale of the lands to the county, for, as heretofore recited, the presumptive evidence statute eliminates such a necessity. The lack of a necessity for

such recital precludes a clear legal right to the writ of mandamus, and for these reasons the judgment of the lower court is affirmed."

This decision upholds the integrity of the Legislature of this state in enacting the form statute and said presumptive evidence statute. Under that authority, the result would not be different in this case if the deed in question were a resale tax deed, if it contained the additional matter showing it to be a resale deed referred to in the Hatchett Case. The Cochran Case, cited in the opinion above. bridges the gulf which some have considered to be fixed between an original tax deed and one on resale.

3. It is further contended that the deed in question is void on its face because this court, in El Reno Wholesale Grocery Co. v. Taylor, Co. Treas., 87 Okla. 140, 209 Pac. 749, held that the state levy for 1920 was illegal; the further contention being that if part of the delinquent taxes were illegally levied, the tax sale was illegal. No authority is cited thereto. It is sufficient to observe that section 9966, Id., provides for appeal from illegal assessments made by the county board of equalization; and section 9971, Id., provides for relief against illegal taxes by paying same under protest and bringing suit therefor within 30 days, and section 420, Id., affords injunctive relief. The only part of the 1920 tax claimed to have been illegal was the state levy. Section 3016, Id., provides a remedy for illegal state levy by an original action in the Supreme Court for injunction. If the state tax was illegal, the land owner could not refuse to pay any part of the valid assessment for county and municipal taxes and on his own default. after the treasurer had sold his property in compliance with the statutes, defeat the tax deed and thereby save himself from paying any of the valid and lawful assessments against his property. Such could not be the policy of the law. Taxation is the supreme prerogative of sovereignty. The state, without such power, could not survive. By the constitution, this power can never be surrendered or suspended. Faithful citizens have a will to contribute their share to the maintenance of government—the shield to their property and the shelter to their own vine and fig tree.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. pp. 1434. 1437; anno. 30 A. L. R. 10; 26 R. C. L. p. 423; 5 R. C. L. Supp. p. 1411. (2) 37 Cyc. pp. 1457, 1459, 1461, 1463; anno. 30 A L. R. 22; 26 R. C. L. p. 424; 5 R. C. L. Supp. p. 1411. (3) 37 Cyc. p. 1466.