## WOLFE v. BROOKE et al.

No. 18132. Opinion Filed May 29, 1928.

Rehearing Denied Nov. 20, 1928.

C. Dale Wolfe and H. M. Haulsee, for plaintiff in error.

Carver & Huser, for defendants in error.

JEFFREY, C. This action was commenced in the district court of Seminole county on July 1, 1926, by Paul C. Brooke, H. A. Dolen, H. Elaine Boylan, Sinclair Oil & Gas Co., a corporation, C. B. Boylan, and Louise Boylan, as plaintiffs, against C. Dale Wolfe, defendant, to cancel a resale tax deed, which had been issued to said defendant covering 20 acres of land particularly described in the petition. The amended petition alleged that each of the plaintiffs owned an interest in the land; that the notice of resale was not published in the name of the record owner at that time, or the name of the last tax-paying owner as shown by the records of the county treasurer of Seminole county; and that the resale tax deed was void. A copy of the resale deed was attached to the amended petition as an exhibit. The deed recites that the land was sold to the county for delinquent taxes, and has remained unredeemed for more than two years from the date of the sale; and that upon notice duly given by publication in the Wewoka Capital Democrat, a newspaper of general circulation published in said county, once each consecutive week for four publications preceding the resale, describing the real estate to be sold; the name of the owner of said real estate as shown by the last tax rolls in the office of the county treasurer, the same was sold upon resale to defendant on April 21, 1924, he being the highest and best bidder. The resale tax deed, being on a form prescribed by the State Examiner and Inspector, was executed on May 19, 1924, and recorded on May 31, 1924, in the office of the county clerk of Seminole county. Defendant demurred to the amended petition on the ground that the same did not state a cause of action against him, and on the further ground that the same showed upon its face that plaintiffs were barred by the statute of limitation from maintaining the action. The demurrer was overruled, defendant elected to stand upon his demurrer, and judgment was rendered against him. From the judgment defendant has appealed.

A correct determination of the appeal is controlled by the one question, Does the petition show that plaintiffs are barred by the statute of limitation from prosecuting this action? If so, the demurrer should have been sustained.

The same form of resale tax deed was in the case of Hatchett v. Going, 121 Okla. 25, 246 Pac. 1100, held to be fair upon its face, and not void upon its face in view of sections 9750 and 9752, C. O. S. 1921. The principal objections raised by the amended petition against the deed, and with which we must here deal, go to the same provisions as were passed upon in that case, and in the case of Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91, and we think it unnecessary to set out the deed herein. Counsel for plaintiffs only defend the sufficiency of their petition as against the demurrer by asserting that the allegation to the effect that the notice of resale was not published in the name of the record owner, or in the name of the owner as shown by the records of the county treasurer's office, is sufficient to withstand the demurrer. This would be true if we were not thus confronted with a plea of the statute of limitation. The deed recites some of the facts constituting notice, and, further, that notice was duly given. See, also, Cheney v. Cox, 125 Okla. 108, 256 Pac. 755.

Section 6 of chapter 158, Session Laws of Oklahoma 1923, being an amendment to the then existing resale tax law, is in part as follows:

"* * * And such deed shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said land; and 12 months after said deed shall have been filed for record in the county clerk's office, no action shall be commenced to void or set aside said deed. * * *"

Counsel for plaintiffs cite Campbell v. McGrath, 117 Okla. 126, 245 Pac. 634, and Union Savings Ass'n v. Cummins, 74 Okla. 201, 177 Pac. 901, on the proposition that this section or the former short statute of limitation has no application to an action to avoid a void tax deed. It was so stated in the two above cases. But in each of the foregoing cases, the deed was void upon its face. It cannot be successfuly contended that the court in those two cases intended to lay down the rule that the short statute of limitation could not be invoked in defense of a resale tax deed which is fair upon its face,

but which may be vacated upon proof, outside of the deed, of a failure to comply strictly with some of the requirements leading up to the issuing of a valid resale tax deed in every respect. Section 6, supra, especially when construed in connection with other related statutes, will not admit of any other construction than that an action to avoid a resale tax deed, fair upon its face, is barred one year after said deed is filed for record, and the authorities so hold. This is the conclusion reached in the case of Treese v. Ferguson, 120 Okla. 235, 251 Pac. 91, where it was said:

"Since we have concluded that said tax deed is valid on its face, plaintiff's right of action to void same is therefore barred under said statute."

As was said in Maxson v. Huston, 22 Kan. 643, if the proceedings must be so regular as to make a valid sale before the statute of limitation will commence to run upon a tax deed good upon its face, then the statute has but litle virtue as a statute of repose. In a valid sale, where the proceedings are regular in every sense, the grantee has no need for such statute. See, also, Barr v. Randall, 35 Kan. 126; Doudna v. Harlan, 45 Kan. 484; Edwards v. Sims, 40 Kan. 235.

Counsel for plaintiff rely on the case of Adams v. Heirs of McKinney, 98 Okla. 144, 224 Pac. 692, in support of their contention that the resale tax deed here involved is void upon its face. That case, as well as Tibbetts v. Reynolds, 101 Okla. 119, 223 Pac. 185; Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652. and several others, did hold that a resale tax deed, which did not set forth the acts and proceedings in connection with the tax sale from which the court could determine that all legal requirements had been complied with, was void upon its face. However, this line of cases, not all being cited, were expressly overruled in the case of Treese v. Ferguson, supra. It was there pointed out that the above line of cases contravened section 9750, C. O. S. 1921, as well as 9746, and other provisions of the statute pertaining to resales.

Plaintiffs' petition alleges that the land in controversy was sold for delinquent taxes for the years 1908 and 1920, and that said land was not taxable for the year 1908. This allegation, standing alone, is not sufficient to withstand the demurrer. Under the pleadings, the lands were taxable for 1920, and the sale and resale based upon delinquent taxes for two separate years, the property not being taxable for one year but taxable for the other, is not void. In the case of Cheney v. Cox, supra, it was held that a tax deed based upon a sale for delinquent taxes for a single year, a part of which taxes being illegal, was not void upon its face. This holding is based upon the reason that the landowener could not refuse to pay the valid taxes merely because some items were not valid, and defeat the tax deed when the county treasurer had sold the property in compliance with the law. The same reasoning is applicable here. If the land was taxable for any one year for which it was sold, the same will support a valid sale. O'Keefe v. Dillingbeck, 15 Okla. 437, 83 Pac. 540; Hunt v. Chaplin (Mich.) 3 N. W. 873.

We conclude that the resale tax deed was valid upon its face; that the statute of limitation began running upon its being filed for record in the office of the county clerk; that the statute had fully run prior to the commencement of this action; and that the demurrer to plaintiffs' amended petition should have been sustained.

The judgment of the trial court is therefore reversed, and the cause remanded, with directions to sustain defendant's demurrer to the amended petition, and for further proceedings not inconsistent with the views herein expressed.

BENNETT, HERR, DIFFENDAFFER, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.