## RICE et al. v. ARNOLD, Adm'x.

No. 21590. Opinion Filed March 21, 1933.

C. T. Rice, for plaintiffs in error.

Blakeney, Ambrister & Wallace, for defendant in error.

ANDREWS, J. The defendant in error, as the plaintiff, filed his petition against the plaintiffs in error, as the defendants, to quiet title to certain lands described in the petition in which he alleged the defendants claimed some title or interest.

The defendants filed their answer and cross-petition claiming an interest in the land by virtue of a reservation in a deed executed by them, while they were the owners of the land, to A. C. Newman, through whom, by successive conveyances, the plaintiff received his title to the land.

The interest alleged to have been reserved in the land by the defendants, as shown by the deed, was "an undivided one-sixteenth interest in all oil or gas mined from said premises." That reservation was recognized in subsequent conveyances by a similar but more specific reservation. The defendants alleged in their answer that it was the intention of both the defendants and their grantee, at the time the deed was executed, that the interest reserved was to be a one-half interest in all oil and gas mined from said premises instead of one-sixteenth as shown in the deed, and they asked that their deed be reformed accordingly.

The plaintiff alleged that the attempted reservation in the defendants' deed was too indefinite to reserve any interest in the land, and that it was in conflict with the warranty in the deed.

Upon those issues the court rendered judgment for the defendants for a one-sixteenth interest in the oil and gas and other minerals under the lands described, but denied the defendants any relief on their cross-petition asking for the reformation of the deed. The defendants appealed to this court.

·The brief of the plaintiffs in error does not conform in any respect to the requirements of rule 7 or rule 26 of the former rules of this court (rule 10, 1933). It is not apparent what questions of fact or law the defendants desire to have reviewed by this court. Upon the authority of the decisions of this court in Renfrow v. 1ttleson, 110 Okla. 109, 236 P. 585; Craig v. State ex rel. Com'rs of Land Office, 147 Okla. 223, 296 P. 394, and Karns v. Pentecostal Church of God, 148 Okla. 41, 296 P. 965, this appeal should be dismissed.

The only relief asked for herein by the defendants, other than that granted by the court, was the reformation of the deed executed by them. Neither the pleadings nor the evidence produced, or attempted to be produced, would have justified such a judgment of the court.

It is not shown that the trial court committed error in refusing to hear testimony. The testimony offered could not have changed the result. No additional relief could have been granted the defendants under the pleadings and the evidence produced or offered.

Finding no error, the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.