## EMPIRE PIPE LINE CO. et al. v. EXCISE BOARD OF OKLAHOMA COUNTY.

No. 25046.   June 26, 1934.

Hunt & Eagleton, for plaintiffs in error.

Lewis R. Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for defendant in error.

BUSBY, J.   This action involves certain protested tax levies made by the excise board of Oklahoma county for the fiscal year of 1932-1933. The plaintiffs in error herein were protestants in the lower court, and the defendant in error was protestee. The parties will be referred to as they appeared in the lower court when not otherwise designated in this opinion.

The first item of protest to be considered involves a portion of the general fund for current expense of county government. The excise board made an appropriation of $3,000

for "refund of erroneous collections." The levy to support this appropriation was protested on the theory that it was not authorized by law. Protestees rely solely on sections 7748, 7749, and 7750, O. S. 1931, to sustain the levy. Those sections read:

"7748. All money collected through error by the county treasurer and all other funds of whatsoever kind that shall come into his possession by virtue of office, except such as is required to be disbursed on warrant, bond, interest, coupon, or depository voucher, shall be refunded or paid out as the case may be, only on voucher issued by the county clerk. No county treasurer shall, after having filed with the county clerk any report of collections, make any refund of any part thereof, except in the manner as herein provided.

"7749. All claims for money, subject to refund or disbursement as in this act provided, shall be filed with the county clerk, who is hereby authorized to audit the same, and to issue his voucher for such amounts thereof as he may find to be due the respective claimants.

"7750. For the purpose of carrying into effect the provisions of this act, and for its proper administration, the State Examiner and Inspector is hereby empowered to promulgate and enforce such rules and regulations as may be necessary, but not inconsistent herewith, and he shall prescribe the forms of all claims, vouchers, and other accounting stationery required under the provision hereof."

One of the purposes of the quoted statutory provisions was to provide a method for the . repayment of money erroneously collected by the county treasurer. It was contemplated that the money collected should be returned to the person who had through error of the county treasurer been induced to part with the same.

The idea of an appropriation to reimburse the victims of the county treasurer's errors is specifically negatived by the provisions of the act, which by section 7748, supra, excepts from the operation of the act funds that are required to be disbursed on warrants. Public funds for general government purposes created by appropriations and levies to support the same can be disbursed only in payment of legal warrants. (Section 5948, O. S. 1931.)

It was contemplated by the provisions of the above statute that money erroneously collected by the county treasurer should not be considered a part of the public funds. That it was in reality the money of the taxpayer or other person who through error of the county treasurer had paid the same and should be returned to him. No appropri-

ation is necessary to return such money provided the same is still in the hands of the county.

The statutory provisions relied on by the protestee herein neither authorize nor require such an appropriation or levy to repay the money. erroneously received. Taxing officials neither have nor can have a roving commission to levy and collect taxes from the people without authority of . law. They can only do so in the manner and for the purposes prescribed by law. Prince, County Treas., v. St. Louis & S. F. Ry. Co., 110 Okla. 141, 237 P. 106; Ryan, Co. Treas., v. Roach Drug Co., 113 Okla. 130, 239 P. 912; Bank of Picher v. Morris, 157 Okla. 122, 11 P. (2d) 178. The decision of the Court of Tax Review is reversed as to this item of appropriation, and the levy supporting the same is reversed, with directions to sustain the protest and enter its judgment accordingly.

The next item of protest involves township levies. The question presented is identical with that considered by this court in Protest of C., R. I. & P. Ry. Co., 158 Okla. 135, 12 P. (2d) 902 (syllabus 8). That protestant urges that the decision in that case is unsound and should be overruled. After reviewing that decision we consider it sound and decline to disturb the rule therein announced. The decision of the Court of Tax Review being in accord therewith, the same will be affirmed.

The petition in error contains objections to other levies involved in the proceedings before the Court of Tax Review; however, no effort is made to urge such objections in the brief, and such objections are treated as abandoned. Likewise, a cross-petition in error has been filed which is unsupported by briefs. The matters involved therein are therefore deemed to be abandoned.

The case is remanded to the Court of Tax Review, with directions to enter judgment in accord with the views herein expressed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, and BAYLESS, JJ., concur. WELCH, J., concurs in conclusion. CULLISON, V. C. J., absent. OSBORN, J., concurs specially.

OSBORN, J. I concur in the conclusion herein, and in the construction placed upon the statutes under consideration. But I point out that under other provisions of law an appropriation and levy may be made for the purpose of liquidating the liability recognized by said statutes.