## POLSON v. PIRTLE.

No. 24578. Sept. 25, 1935.

Melton & Melton, for plaintiff in error.

T. H. Williams, Jr., for defendant in error.

PER CURIAM. This action originally was instituted to recover damages for the alleged wrongful, forcible and malicious eviction of defendant in error, plaintiff below, by plaintiff in error, defendant below, from certain farm land in Grady county, Okla., in violation of a certain oral lease contract allegedly consummated between plaintiff and defendant on or about August 15, 1931. Separating his petition into three causes of action, plaintiff sought to recover (1) $525 for the alleged loss of the fruits of his labor in cultivating certain parts of said land and as the alleged rental value of the remaining uncultivated part thereof; (2) $1.75 for certain alleged damage to his furniture and effects caused by defendant's removal of the same from the house in which they were located; and (3) $750 as exemplary or punitive damages. By way of cross-petition, defendant sought to recover from plaintiff the unpaid balance of an alleged indebtedness. The issues thus raised were joined by the filing of defendant's verified answer and plaintiff's verified reply, respectively, and the case proceeded to trial before a jury.

At the close of the evidence, the trial court instructed the jury in writing. Neither party requested any instructions, and neither preserved an exception to any instruction given. After its deliberations, the jury returned its verdict in favor of plaintiff and against defendant, fixing the amount of plaintiff's recovery at $301.75, but deducting therefrom the sum of $97.16, the full amount asked in defendant's cross-petition. Separate findings with respect to each of plaintiff's alleged causes of action were not requested or made.

Defendant thereupon filed his motion for new trial, setting forth therein the following alleged errors:

"First. Excessive damages, appearing to have been given under the influence of passion or prejudice.

"Second. That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law.

"Third. Error of law occurring at the trial, and excepted to by the defendant.

"Fourth. Error of the court in overruling the demurrer to the evidence of plaintiff."

When said motion for new trial was overruled, with exception, defendant proceeded to perfect an appeal to this court, assigning in his petition in error the following alleged errors:

"(1) The trial court erred in overruling the plaintiff in error's motion for a new trial.

"(2) The trial court erred in overruling the plaintiff in error's separate demurrers to the evidence offered by the defendant in error herein.

"(3) The judgment of the trial court is contrary to law, and is not supported by any competent evidence.

"(4) The trial court erred in admitting evidence offered by defendant in error, which was objected to by the plaintiff in error, his objections overruled, and exceptions allowed."

Defendant's brief groups and purports to present all of the above assignments of error in one argument. The first contention made is that there was no competent evidence upon which the trial court could properly enter judgment upon plaintiff's first alleged cause of action. Under the state of the record here, that contention cannot be considered by this court. While defendant interposed his demurrer to plaintiff's evidence in chief with respect to said first cause of action, and properly preserved an exception to the trial court's adverse ruling thereon, he did not renew such demurrer or move for an instructed verdict at the close of all of the evidence. His failure to do so constituted a waiver of his earlier demurrer and renders it impossible for this court to consider the sufficiency of the evidence. Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159; Remund v. Liberty Nat. Bank, 168 Okla. 580, 35 P. (2d) 457.

Although defendant's motion for new trial charges that the verdict is excessive and appears to have been given under the influence of passion and prejudice, no attempt is made in his brief to point out and explain such alleged excessiveness, or in what manner, if any, the jury might have been

influenced by passion or prejudice, and no authorities whatever are cited to substantiate this assignment of error. For these reasons, this court cannot properly consider the same. Drum Standish Commission Co. v. First Nat. Bank, 168 Okla. 400, 31 P. (2d) 843; Chicago, R. I. & P. R. Co. v. Excise Board. 168 Okla. 428, 33 P. (2d) 1081; Empire Pipe Line Co. v. Excise Board, 168 Okla. 485, 34 P. (2d) 585; Wyant v. Schuman, 145 Okla. 147, 292 P. 73; Wyant v. Levy, 134 Okla. 39, 272 P. 851; Griggs v. Reeser Motor Co., 159 Okla. 279, 16 P. (2d) 252. However, after carefully examining the entire record, we are of the opinion that, even if this assignment were properly presented, it would be without merit; the evidence offered in support of plaintiff's second and third alleged causes of action alone is more than amply sufficient to warrant and justify the jury's verdict. That being true, defendant is in no position to complain. See Stakis v. Dimitroff, 154 Okla. 9, 6 P. (2d) 1053.

Defendant's next contention, that one of the trial court's instructions relating to the measure of damages is erroneous, likewise cannot be considered by this court, because defendant neglected and failed to preserve a proper exception to such instruction. Jensen v. State, 165 Okla. 180, 24 P. (2d) 982.

The fourth and final assignment of error in defendant's petition in error also cannot be considered by this court for the reason that defendant does not set forth in his brief the evidence of which he complains (Rule 10, Court Rules 1933; Rice v. Arnold, 162 Okla. 271, 20 P. [2d] 161), and for the further reason that he presents no argument or authorities in support thereof (Griggs v. Reeser Motor Co., supra; Render v. Richardson, 168 Okla. 122, 31 P. [2d] 923; Drum Standish Commission Co. v. First Nat. Bank, supra; Wyant v. Schuman, supra; Wyant v. Levy, supra).

The foregoing observations dispose of all contentions advanced by defendant on this appeal. For the reasons stated, we are of the opinion that the judgment of the trial court should be, and the same hereby is, affirmed.

It appears from the record that plaintiff in error executed a supersedeas bond, with J. C. Wallace and J. F. Reneger as sureties thereon, and that said bond was duly filed in the trial court, a copy thereof being incorporated in the case-made. Defendant in error, in his answer brief, calls attention to such bond and asks that, upon affirmance of the judgment of the trial court, this court render judgment against the sureties on said bond.

It is therefore ordered, adjudged, and decreed that defendant in error, S. C. Pirtle, have and recover judgment on said supersedeas bond against Irvin Polson, as principal, and J. C. Wallace and J. F. Reneger, as sureties, for the principal sum of $204.-59, together with interest at the rate of 6 per cent. per annum from October 12, 1932, and costs, for all of which let execution issue.

The Supreme Court acknowledges the aid of Attorneys A. W. Gilliland, M. D. Green, and Charles Hill Johns in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gilliland and approved by Mr. Green and Mr. Johns, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.