**VAHLBERG, County Treas., v. PORTER, Rec.**

No. 26268.   July 14, 1936.

Lewis Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for plaintiff in error.

P. E. Gumm, for defendant in error.

M. D. Green, Eric Haase, Cruce, Satterfield & Grigsby, W. R. Bleakmore, John Barry, W. L. Farmer, and Rainey, Flynn & Green, amici curiae.

GIBSON, J. This action was instituted in the district court of Oklahoma county on May 28, 1934, by F. M. Porter, receiver of the Capitol Drilling Company, against Wm. F. Vahlberg, county treasurer of Oklahoma county, to recover a certain sum as money had and received. Judgment was rendered for plaintiff upon the pleadings and agreed statement of facts, and defendant has ap-

pealed. The parties will be referred to herein as they appeared at the trial.

The facts are substantially as follows:

In proceedings before the Court of Tax Review certain ad valorem tax levies for the fiscal year 1931-1932 in Oklahoma county were adjudged illegal and the county officials ordered and directed to correct the tax rolls accordingly, all pursuant to the provisions of Initiative Petition No. 100, as amended, now sections 12305-12314, O. S. 1931. The foregoing judgment became final on May 30, 1932, and thereafter, on June 21, 1932, the county clerk, acting pursuant to the provisions of section 12313, O. S. 1931, gave notice to all taxpayers that refunds of such illegal levies wou'd be made within six months from date of such notice.

The plaintiff did not pay his taxes and claim deduction of such illegal levies within said six months, but by reason of extensions of time to pay he did seek to pay same before they became delinquent and tendered the amount of taxes legally due under the judgment of the Court of Tax Review. Defendant refused to accept the tender, but demanded payment of both the legal amount due and the amount declared illegal by the Court of Tax Review. Plaintiff paid the full sum demanded. The portion now sought to be recovered was still retained by the defendant in a separate fund at the time this suit was instituted.

Plaintiff also sought injunctive relief, and the trial court ordered that the money be maintained in a separate fund until final determination of the cause on appeal.

Defendant resisted plaintiff's suit on the theory that the plaintiff had not paid his taxes and claimed his refund within the six-month period after the first publication of the county clerk's notice and as, according to defendant's contention, required by section 12313, supra; that the payment was voluntary on the plaintiff's part and that he waived and abandoned his right to said refund, and that defendant was without authority of law to make the refund when demand was made by plaintiff.

The defendant, although no such objection was made at the trial, now says the plaintiff cannot maintain this action. It is here contended that the plaintiff is seeking to recover an illegal tax and that his only remedy is to proceed under section 12665, O. S. 1931; that since the enactment of that statute (S. L. 1915), payment of the illegal tax under protest and suit commenced within 30 days for the recovery of such illegal tax constituted the only method of recovery and is the taxpayer's exclusive remedy.

We agree that it has been held under other facts that section 12665, O. S. 1931, affords the only remedy whereby a taxpayer may recover illegal taxes paid (Grubb v. Smiley, 140 Okla. 233, 283 P. 784); except in cases involving the legality of a tax rate as fixed by the excise board, which is governed by sections 12305 to 12314, O. S. 1931. Re Protest of First Nat. Bank of Guthrie, 136 Okla. 141, 276 P. 766. We cannot agree, however, that this case involves a question of illegal taxes within the meaning of that term as used in the statutes or in the decisions of this court. The question of the legality of the levies had been finally determined by the judgment of the Court of Tax Review.

From the inception of this lawsuit the plaintiff has sought to establish liability and recover judgment against defendant for money had and received. His theory at all times has been that the question here presented is not one involving an illegal tax and the payment and recovery thereof, but a question involving an illegal exaction of money from the plaintiff, or the collection of money from him by the defendant without warrant or authority of law. In this connection it is urged that the effect of the judgment of the Court of Tax Review was to cancel ipso facto that portion of the tax representing the levies declared invalid and for the payment of which the plaintiff here seeks to recover. Counsel say plaintiff is seeking to recover his money which the defendant erroneously and without any authority of law exacted from the plaintiff, and it is contended in this connection that the money exacted and collected from plaintiff was not an illegal tax, but an overcharge which, if appearing upon the defendant's warrant of authority as tax collector, the tax rolls appeared there through the fault and with the knowledge of defendant.

"Under such conditions", say counsel, "an action, as here, for money had and received was proper. If defendant still has the money, he must repay it. If he has used it or disposed of it in any manner, a judgment against him for the money is proper." It is further urged that if defendant has, without authority of law, collected money from plaintiff, he is personally liable to plaintiff because his act would be colore officii and he alone would be responsible.

We say that the plaintiff's theory is sound and that he has pursued a proper remedy in this case.

It is urged with force that the county treasurer is or would be liable personally for the money he is sued for, but it is not necessary to pass on that question in this action, for suit was brought in time to sequester and impound the identical funds to abide the judgment rendered in the cause.

The judgment of the Court of Tax Review was final and binding upon the county, and final and binding upon the treasurer after notice to him as provided in sections 12309 and 12312, O. S. 1931. It served to cancel from the records of the treasurer that portion of the ad valorem tax representing the levy declared illegal, except as to those payments made by taxpayers prior to the date upon which that judgment became final. As to such payments, the Legislature has provided a remedy for the taxpayer. This is made clear by the provisions of section 12313, O. S. 1931. That section reads as follows:

"The filing of a protest as herein provided shall not prevent the spreading of record and the collection of any levy made by the excise board, but if any protest be filed as herein provided and **any taxes shall be paid pending the hearing and determination of said protest, or pending the decision of the Supreme Court,** all that part of the levy alleged in said protest to be illegal shall be retained by the county treasurer in a separate fund until the legality of said levy has been determined, and **all taxes paid by any taxpayer in excess of the amount finally determined to be legal shall be refunded** by the county treasurer to the taxpayer together with such interest thereon as may have been received by the county treasurer on such fund **pending final determination of the illegality of such levy,** upon verified claim filed with the county clerk at any time within six months after such final determination.

"It shall be the duty of the county clerk within thirty days from the final determination of the illegality of all levies to notify all taxpayers by publication in one issue of a newspaper of general circulation in the county that **refund will be made of excess tax collected.**

"If no demand is made for refund within said period of six months, said taxes so collected and held shall be distributed to the fund or funds for which they were levied and collected and credited as a surplus therein for the next succeeding fiscal year."

The refund therein provided for refers only to tax payments made prior to the date said judgment becomes final. As to the taxes not paid prior to such finality, the taxpayer is left to his existing remedies.

Although section 12309, O. S. 1931, makes it the duty of the county assessor to correct

the tax rolls to conform to the final judgment of the Court of Tax Review, when such rolls have not been delivered by the assessor to the county treasurer, such correction is unnecessary to the full and complete operation of such judgment, where, prior to its rendition, the rolls have been delivered to the county treasurer. The correction is unnecessary to the elimination of that portion of the tax represented by the levy declared illegal. The judgment itself serves that purpose fully and effectively in so far as the rights of the taxpayer are concerned. The judgment inures to the benefit of all the taxpayers, and when it becomes final, it operates in law to remove from the tax rolls the tax, or that portion thereof declared illegal by the judgment. If the treasurer thereafter collects more than the legal sum remaining after the protests are settled, he collects more than is due and the same constitutes an overcharge and an erroneous collection.

When the county treasurer receives his tax rolls they ordinarily become his warrant of authority to collect the amount therein assessed against each taxpayer or against his realty. He may collect the sums therein named whether they be legal or illegal and be saved from personal liability. Such is the general rule. 61 C. J. 1029, sec. 1328. If the collect the amount shown upon his warrant of authority and the sum so collected, or a portion thereof, be illegal, the aggrieved taxpayer must look to his remedy, as provided by law, against the taxing power. Here, however, as we have said, the judgment of the Court of Tax Review ipso facto changed the tax rolls and removed therefrom the illegal portion of the tax.

Therefore, prior to the finality of the judgment of the Court of Tax Review in the instant case, the defendant, as county treasurer, was authorized to collect the full amount of tax as shown by his rolls. Section 12313, supra, affirmed that authority and gave to those parties paying the tax while such authority existed a remedy against the county. We may well presume that the Legislature concluded that those who paid the illegal tax to the authorized collector thereof during the pendency of the protest were the only taxpayers in need of a remedy. As to those parties who had not so paid, it undoubtedly appeared obvious to the Legislature that the judgment of the Court of Tax Review would amply protect them.

The defendant in the instant case has erroneously exacted or collected a sum from the plaintiff over and above the amount he was authorized to collect. We have said

on another occasion, after considering an erroneous collection or overcharge by the treasurer, that the money so erroneously collected may not be considered as a part of the public funds, but is in reality the money of the taxpayer. Empire Pipe Line Co. v. Excise Board, 168 Okla. 485, 34 P. (2d) 585. It follows that the money representing the overcharge in the instant case still remains the money of the plaintiff.

The laws of this state do not relieve a county treasurer from personal liability to the taxpayer for sums collected in excess of the amount appearing upon his warrant of authority. In such case an action against him for money had and received is a proper remedy of the taxpayer. The sum so erroneously collected belongs to the taxpayer and he may, by appropriate action, follow that sum into the hands of the treasurer and demand its return where the fund still remains in the treasurer's possession. Such were the circumstances and such the action of the plaintiff in this case. His money was found in possession of the defendant and the same was placed in custodia legis by proper order of the court. Defendant is bound to return the sum found due by the trial court to plaintiff or suffer personal judgment to be entered against him.

Although the money involved herein was impounded in the hands of the treasurer by order of the trial court and has not become funds of the county, the treasurer has, no doubt, filed with the county clerk a report of the collection of such money, as required of him by statute. Hence, in returning the money to the taxpayer, the procedure prescribed in sections 7748 and 7749, O. S. 1931, should be pursued.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, WELCH, PHELPS, and CORN, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.