YOUNG, Trustee, v. BOSWELL et al.

No. 30386. Dec. 15, 1942.

*134 P. 2d 592.*

Frank Nesbitt and Nelle Nesbitt, both of Miami, for plaintiff in error.

A. L. Commons, of Miami, and I. J. Tuthill, of Joplin, Mo., for defendant in error Maud Boswell.

DAVISON, J. This case involves the validity of a resale tax deed. The principal question is whether such a deed is invalid when the amount of taxes for which the land was advertised to be sold, and sold to the county, was erroneously computed to be in excess of the amount actually due. Such erroneous computation in this case was due to the failure of the officials to make a reduction in the original levy when a portion thereof had been declared illegal by judgment of the Court of Tax Review. The excess in this case was 60 cents.

The question is presented by the following situation: On December 10, 1929, Maud Boswell acquired title by warranty deed to lots 1 and 2 of the N.E.¼ of sec. 21, twp. 27 N., range 23 E. She did not pay the taxes thereon for the years 1930 to 1938, inclusive. At the annual tax sale held in November, 1933, the same was sold to Ottawa coun-

ty for the 1932 taxes and a tax certificate was issued to said county. Thereafter, the annual taxes for subsequent years not being paid by the record owner, Maud Boswell, the county treasurer of Ottawa county advertised and sold said land at the annual tax resale in 1939 for the sum of $184.45, representing the taxes computed to have accumulated throughout the years. The sale was to Ottawa county and a resale tax deed was issued and delivered to the chairman of the board of county commissioners of that county. Thereafter, an amended resale deed was issued to correct an omission in the original. Later, on August 8, 1939, the defendant obtained whatever title the county had by a conveyance from the board of county commissioners of Ottawa county.

In the meantime, on December 9, 1937, which was prior to the 1939 tax resale above mentioned, the Court of Tax Review of this state declared .151 mills of the Ottawa county sinking fund levy for the year 1937 illegal. The sustaining of the protest should have and did operate to reduce the amount due for taxes for the year mentioned in the sum of 60 cents. A copy of the court's judgment was filed with the county treasurer of Ottawa county, but the county treasurer did not make the deduction. As a result, the 60 cents above mentioned was included in the amount for which the land was sold at resale.

This action was instituted in the district court of Ottawa county, Okla., on January 6, 1940, by Maud Boswell, as plaintiff, against T. C. Young and others as defendants.

Plaintiff sought to quiet her title against claims under the tax title. In her petition she tendered payment of any and all penalties, taxes, interest, and costs. The defendant Young filed an answer joining issue.

Before the trial of the cause and while the case was pending, the land was condemned for public use by the Grand River Dam Authority and the value of the land determined to be $2,000. That sum was paid into court and the parties to this action stipulated that it took the place of the land.

On the trial of the case judgment of the court was for the plaintiff on the theory that the land was sold for more than the amount of taxes properly chargeable against it.

The question of whether an error in the computation of the amount due for taxes in connection with the sale of land to satisfy delinquent taxes affects the validity of the title created has been a prolific source of litigation in the various states. An annotation dealing with the subject is found in 97 A. L. R. 842. The cases annotated reflect that a pronounced majority adhere to the view which is stated by the annotator in the following language:

"According to the majority view, a tax sale at which property is sold for more than the amount of taxes, penalties, and costs, is invalid. The rule strictissimi juris being generally applied, the slightest variation is considered sufficient to invalidate the sale."

No cases from this jurisdiction dealing with the precise question are listed by the annotator; however, the converse of the situation has been before this court, that is, where the land is sold for less than the amount against it. Pimm v. Waldron, 118 Okla. 5, 244 P. 37; Mahoney v. Barton, 168 Okla. 586, 35 P. 2d 443. In both instances the deeds were declared invalid. The analogy is not perfect and distinctions could be drawn and justified upon logical considerations; however, the similarity between the two questions is sufficient to demonstrate that the trend of our decisions is in accord with the majority views, as expressed by the annotator.

The defendant T. C. Young, plaintiff in error herein, invokes the rule previously announced by this court that the legality of a levy cannot be challenged in an action to set aside a tax deed, citing specially Cheney v. Cox, 125 Okla. 108, 256 P. 755, and subsequent cases mentioning with approval the rule therein announced. The rule relied up-

on was stated by this court in the third paragraph of the syllabus in the following language:

"The statutes provide remedies for the property owner against illegal assessments of county, state, and other taxes. An owner cannot neglect such remedies and suffer his property to be sold for taxes and conveyed in compliance with the statutes and thereafter attack the tax deed on the ground that part of the taxes were illegally levied."

The rule in that case is inappropriate herein because here another taxpayer, acting for himself and others, including this taxpayer, had properly procured a judicial determination that the levy was invalid.

At the time (1927) Cheney v. Cox, supra, was decided, a taxpayer aggrieved because he believed a levy illegal could pay the tax under protest and by action instituted in the district court seek recovery of the portion of the taxes exacted from him by the illegal levy. His recovery, if he succeeded, did not relieve other nonprotesting taxpayers from the burden of illegal levy.

On August 7, 1928, Initiative Petition No. 100 was adopted. 68 O. S. 1941 § 331 et seq. It created the Court of Tax Review and provided in substance, among other things, that when the protest of a taxpayer should be sustained it should eliminate the burden of the illegal levies as to other taxpayers affected thereby, and authorized a refund within six months after illegal levies had been paid, or a reduction of the assessment if payment had not been made. (See 68 O. S. 1941 §§ 332, 335, and 339.) Thus, in effect, a protesting taxpayer acts for himself and other taxpayers similarly situated.

This character of protest was involved in the case at bar. It operated to reduce the levy and amount assessed · against the property for the year 1937. In other words, in the case at bar the illegality of the levy has been judicially determined as to this taxpayer and is not being questioned herein; whereas, in the cited case, it was undertaken to adjudicate questions relating to the legality of the levy upon which the assessment was computed. The treasurer should have made the deduction. Vahlberg, County Treasurer, v. Porter, 177 Okla. 380, 59 P. 2d 771. In the case at bar the fact that the amount computed to be due as taxes included an amount in excess of the amount actually due must be accepted as previously established in an appropriate judicial proceeding.

We are not here concerned with a slight clerical error in computing the amount of the tax, involving only a trivial amount, but are here concerned with an illegal tax heretofore judicially declared to be illegal.

The defendant also contends in substance that this case should be viewed in a different light because the sale at resale was to the county instead of an individual purchaser. The argument is that since the statute, section 12755, O. S. 1931, superseded by 68 O. S. 1941 § 432d, provides that the county, through the treasurer, shall "bid off in the name of the county . . . for the amount of all taxes, penalties, interest and costs due thereon," therefore, regardless of the amount named at the sale or the amount stated in the resale deed to the county (which in this case included the excess), the amount for which the county was buying in this property was the amount actually due. It is contended nobody could possibly be hurt by the error, especially since the county could subsequently sell and convey by commissioner's deed the property for a different sum. In other words, that the sale to the county is merely a book transaction and rather immaterial anyway.

Logical as such an argument might be, when applied to other transactions, it has no application to a case of this character. In cases of this kind the letter of the law claims a degree of consideration which does not obtain elsewhere. Here, as we have previously noticed, the rule of strictissimi juris applies. If the Legislature did not intend

the bid to be made by the county to comprehend a stipulated amount, it could easily have provided for a sale to the county without bid or specification of amount and declared the operative effect of such sale, namely, the cancellation of the taxes.

If such a departure could be excused upon this consideration, a formal deed might be excused or any number of otherwise essential requisites might be held unnecessary. Logically, it might even be argued that if a legal sale could have been made, the former owner who has failed to pay his taxes could not subsequently complain. But such logic does not here prevail.

Our attention has been directed to the provision of 68 O. S. 1941 §§ 452 and 453, sometimes referred to as curative statutes.

Section 452 makes the deed presumptive of certain enumerated facts, one of which is that the property "was sold for taxes," and section 453 makes it necessary for the person seeking to defeat a tax deed to show a failure to do some one of the things of which the deed is presumptive evidence.

The deed is presumptive evidence only and may be contradicted. Miller v. Noble, 59 Okla. 29, 157 P. 740. Thus, in this case the presumption that the "property was sold for taxes" disappeared upon proof that the land was sold, not only for taxes, but for a sum in excess of the taxes.

Thus, sections 452 and 453, supra, are not of sufficient curative effect to aid the defendant. Notice Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263.

Upon consideration of the questions herein involved, we are of the opinion, and hold, that the majority rule heretofore quoted should be recognized in this jurisdiction and is applicable, and that the trial court was correct in so deciding.

RILEY, OSBORN, GIBSON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and BAYLESS and HURST, JJ., dissent.

HURST, J. (dissenting). It is my opinion that the very purpose of the curative provision of 68 O. S. 1941 §§ 452, 453, was to prevent the courts from invalidating tax titles for such trivial errors and irregularities as the one involved in the present case. My views are stated in Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263, and need not be repeated here. For the reasons there stated, I dissent to the majority opinion.