KASNER et al. v. ASHBURN et al.

No. 33967. Feb. 13, 1951.

Rehearing Denied April 10, 1951.

*229 P. 2d 581.*

James Barnett, Oklahoma City, for plaintiffs in error.

Hal Johnson, Oklahoma City, for defendants in error.

DAVISON, J. This case involves a state of facts so nearly identical to that in the case of Young v. Boswell et al., 191 Okla. 680, 134 P. 2d 592, that, except for names, dates, descriptions and amounts, a statement of facts herein can be put in almost the same verbiage as that of the reported case.

This case involves the validity of a resale tax deed. The principal question is whether such a deed is invalid when the amount of taxes for which the land was advertised to be sold, and sold to the county, was erroneously computed to be in excess of the amount actually due. Such erroneous computation in this case was due to the failure of the officials to make a reduction in the original levy when a portion thereof had been declared illegal by judgment of the Court of Tax Review. The excess in this case was $1.45.

The question is presented by the following situation: The defendants are the owners and in possession of lots 8 and 9 in block 5, Bath Highland addition to Oklahoma City, Oklahoma. They did not pay the taxes thereon for the year 1931 and subsequent years. At the annual tax sale held in November, 1932, the lots were sold to Oklahoma county for the 1931 taxes and a tax certificate was issued to said county. Thereafter the annual taxes for subsequent years not being paid by the record owner, the county treasurer of Oklahoma county advertised and sold said land at the annual tax resale in 1942 for the sum of $439, representing the taxes computed to have accumulated throughout the years. The sale was to the plaintiff Edith Wolfson, and a resale tax deed was issued and delivered to her. Thereafter an amended resale deed was issued to correct an omission in the original. Later, on June 1, 1942, the plaintiff M. Kasner, obtained whatever title the said Edith Wolfson had, by conveyance by quitclaim deed.

In the meantime, on April 30, 1932, which was prior to the 1942 tax resale above mentioned, the Court of Tax Review of this state declared 1.404 mills of the Oklahoma county general and sinking fund levies for the year 1931 illegal. The sustaining of the protest should have and did operate to reduce the amount due for taxes on the above lots for the year mentioned in the sum of $1.45. The county treasurer did not make the deduction. As a result, the $1.45 above mentioned was included in the amount for which the land was sold at resale.

This action was instituted in the district court of Oklahoma county, Oklahoma, on June 8, 1945, by M. Kasner and Edith Wolfson as plaintiffs against Frank Ashburn and others as defendants.

Plaintiffs sought to quiet the title obtained under the resale tax deed. The defendants filed answer alleging the invalidity thereof because of the irregularities hereinbefore set out and also tendered payment of any and all penalties, taxes, interest and costs.

On the trial of the case judgment of the court was for the defendants on the theory that the land was sold for more than the amount of taxes properly chargeable against it.

The opinion in the above-cited case of Young v. Boswell et al. is determinative of every question here presented and is based upon a practically identical state of facts. The reasoning

and statements of law therein contained are here adopted and reaffirmed.

The judgment is affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and GIBSON, JOHNSON, and O'NEAL, JJ., concur. WELCH, CORN, and HALLEY, JJ., dissent.