## TAYLOR v. TAYLOR.

No. 11606—Opinion Filed May 29, 1923.

Rehearing Denied June 26, 1923.

(Syllabus.)

1. **Appeal and Error—Deficient Brief by Plaintiff in Error—Disposition of Cause.**
Where the brief of plaintiff in error contains no assignment of error, but simply abstract propositions of law, and fails to contain an abstract of the record sufficient to disclose the errors complained of as required by rule 26 of this court, this court may either dismiss the appeal or affirm the judgment.

2. **Same—Burden to Show Error.**
Error never is presumed in this court, and the burden is upon the plaintiff in error to disclose by his brief a sufficient part of the record, and the law applicable thereto, to support his theory that prejudicial error was committed by the trial court.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Melissa Taylor against W. W. Taylor for alimony. Judgment for plaintiff, and defendant brings error. Affirmed.

Bert Van Leuven, for plaintiff in error.

A. R. Lamb, for defendant in error.

McNEILL, J. This action was commenced in the district court of Nowata county by Melissa Taylor against W. W. Taylor, under what is now section 514, Comp. Stats. 1921, for alimony. Judgment was rendered for the plaintiff in the sum of $1,000, and defendant appealed.

The brief of plaintiff in error for reversal contains no assignments of error, nor does the same comply with rule 26 of this court (47 Okla. x). Plaintiff in error states in his brief as follows:

"We take it, before Mrs. Taylor can legalley recover, she must establish some legal ground for divorce. Section 514, Comp. Stats. 1921; Bradsell v. Bradsell, 33 Kan. 433, 6 Pac. 561."

It may be assumed that plaintiff in error intended to present the question that the evidence is insufficient to support the judgment, or the judgment is clearly against the weight of the evidence. Defendant failed to set out an abstract of any of the evidence to support his contention, while the plaintiff in her brief abstracted the testimony, which appears to be sufficient to support the judgment of the court. The rule prevailing in this court is that error is never presumed, and the burden is upon the plaintiff in error to show by his brief that error was committed. The brief of plaintiff in error fails to do this. This court is not obliged to examine the record for the purpose of finding some theory upon which the case may be reversed.

The case-made contains a copy of the supersedeas bond executed by W. W. Taylor, principal, Sam L. Taylor, Neal Sanders, and Lee Taylor, sureties, and judgment is entered against the sureties for the amount of the judgment, interest and costs.

For the reasons stated, the judgment of trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.