## HARBOUR v. HARBOUR.

No. 11953—Opinion Filed Sept. 18, 1923.

### 1. Appeal and Error—Defective Brief — Review.

Where attorneys for plaintiff in error do not comply with rule 26 of this court by setting forth the material parts of the pleadings and proceedings, which are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made by this court, and also fail to set forth, number, and argue in regular order the specifications of error complained

of, this court will not consider the cause on appeal.

### 2. Appeal and Error—Case-made — Insufficiency of Certificate.

Where a certificate of the trial judge to a case-made is not attested by the clerk, nor the seal of the court attached, the appeal must be dismissed.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Action by Ethel Brannan Harbour against Thomas L. Harbour. Judgment for plaintiff, and defendant appeals. Dismissed.

L. A. Wiygul, for plaintiff in error.

Dickson & Carter and Falconer & Brown, for defendant in error.

Opinion by THOMPSON, C. This appeal was filed in this court on December 14, 1920. Defendant in error, by her attorneys in their brief, asked for a dismissal of the cause for failure to comply with rule 26 of this court (87 Okla. xxiii), in that attorney for plaintiff in error fails to set forth the material parts of the pleadings, facts, and documents, upon which he relies, necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made by this court, and that the specifications of error are not separately set forth and numbered, and the authorities in support of each point relied on in the same order with strict observance of rule 7.

The only assignment of error appearing in brief of attorney for plaintiff in error is:

"All of the assignments of error will be considered under the proposition of errors of law made by the district court of Choctaw county, state of Oklahoma, which were duly and timely excepted to by the plaintiff in error in open court."

And nowhere in the statement of facts in plaintiff in error's brief is set out the pleadings as required by the rule of this court.

Before a case can be considered by this court on appeal, the rules of this court must be observed by the attorneys, if they expect this court to overturn a solemn judgment of the trial court, and where the rules of this court are ignored and given no consideration whatever, as appears from the brief of plaintiff in error in this case,

this court will not consider the appeal and reverse the judgment of the lower court.

But there is another serious reason for the dismissal of the appeal by this court and that is that the case-made is not properly authenticated, under the statute law of this state, in that it has not been attested by the court clerk of Choctaw county, Okla., and does not bear the seal of said court. The statute is as follows:

"The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same. and cause it to be attested by the clerk, and the seal of the court to be thereto attached."

This court in the case of Helms v. Faulkner et al., 79 Okla. 308, 193 Pac. 623, decided this proposition of law in the following language:

"The case-made filed herein does not contain the certificate of the court clerk that same is a full, true, and correct transcript of the record of said cause.

"Nor is the certificate of the trial judge to such case-made, attested by the court clerk as required by law.

"Upon authority of Walker v. Walker, 54 Okla. 666, 154 Pac. 512, and the line of decisions of this court therein relied upon, the motion to dismiss appeal is sustained. and the appeal dismissed."

The court is therefore of the opinion that on account of violation of the rules of this court and of noncompliance with the statute law of the state for perfecting appeals to this court, and upon the authority of the line of decisions of this court this appeal should be, and is hereby dismissed.

By the Court: It is so ordered.