## SMITH et al. v. WALKER.

No. 16063—Opinion Filed Dec. 8, 1925.

Rehearing Denied Feb. 23, 1926.

### Appeal and Error—Affirmance for Defective Brief.

Where the brief filed by plaintiff in error fails to assign error as required by rule 26 of the rules of the Supreme Court (87 Okla. xxiii, 165 Pac. ix), but only in general terms complains of the action of the trial court in the trial of the case, the judgment will be affirmed. Taylor v. Taylor, 90 Okla. 128, 215 Pac. 1070.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okfuskee County; John L. Norman, Judge.

E. Walker brings his action against J. T. Smith and Eugene B. Smith, administrator of the estate of A. R. Morgan. Defendants file cross-petition. Plaintiff's petition dismissed on demurrer. Judgment for plaintiff on cross-petition, and defendants appeal. Affirmed.

J. T. Smith, for plaintiffs in error.

J. P. Hannigan and T. H. Wren, for defendant in error.

Opinion by RUTH, C. This action grew out of the "plugging" of a gas well by E. Walker, acting under orders from one Cahill, State Conservation Officer, who was acting under the directions of the Corporation Commission. Walker filed his action to declare a lien upon the leasehold for labor. Defendants filed answer and cross-petition praying damages against Walker. Upon trial of the case the defendant objected to the introduction of any testimony on the part of the plaintiff, and the objection was sustained. The cause was tried to a jury on the cross-petition and a verdict returned for plaintiff, and defendants appeal. Defendants filed their brief, and plaintiff moved to dismiss the appeal for that the same failed to comply with rule 26 of the rules of this court. This court was of the opinion the brief did not comply with rule 26, but on March 17, 1924, gave the plaintiff in error 30 days in which to file additional brief. After defendant in error filed his answer brief, plaintiffs in error filed a "reply brief," that in no manner even attempts to supply the omission in the original brief. The reply brief simply recites: "We beg to call attention again to a clear concise statement of error relied upon at about the middle of page 4 of our former brief." The original brief consists of a portion of nine pages, and "about the middle of page four" in the "statement of facts," we find the following:

"We submit there is no conflict of any importance in evidence of cross-petitioners and that of plaintiff, and that this matter is purely a legal question as to rights of cross-petitioners, after their property had been destroyed by plaintiff, E. Walker, and the legal effect of his status, he having been employed by Cahill, as agent and employee of the Corporation Commission."

If this is what plaintiff in error relies upon as an assignment of error, it presents nothing to this court, and does not comply with the rule, supra.

The brief of the plaintiff in error for reversal contains no assignment of error, nor does the same comply with rule 26, supra, and for the reason herein stated, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1412, § 1588.