## CRAIG v. STATE ex rel. COM'RS OF THE LAND OFFICE.

No. 19709.  Opinion Filed Feb. 17, 1931.

Wedgwood & Houk, for plaintiff in error.

George E. Merritt, for defendant in error.

RILEY, J.  The defendant in error, as plaintiff, brought suit upon a promissory note in the amount of $2,000, and eight coupons for interest attached in the amount of $50 each, and for foreclosure of real estate mortgage executed in favor of the state by Minnie B. Lowery and Robert J. Lowery, and for attorney fees in the amount of $200.

Subsequent to the commencement of the action the county treasurer of Major county sold the real estate described in the mortgage for delinquent taxes to plaintiff in error, N. B. Craig, under the resale law, sections 3-6, ch. 158, S. L. 1923, executed and delivered to Craig a resale deed to said premises. Craig by leave of court pleaded his interest and contended his lien upon the real estate constituted a perpetual lien and contended that section 9748, C. O. S. 1921, making a mortgage lien in favor of the state

superior to a lien for taxes is unconstitutional and violative of article 10, sec. 5, Constitution.

The board of county commissioners of Major county and all other defendants made default.  Judgment was awarded plaintiff below for the amount of its claim with interest and attorney's fee together with an order of sale for the real estate involved, with instructions to apply the proceeds to the payment of plaintiff's claim and secondarily to apply the remainder to payment of Craig's lien as pleaded.

Plaintiff in error has appealed by casemade, but has failed to comply with Rule 26 of this court, which, amongst other things, provides:

"The brief shall contain the specifications of error complained of, separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order with strict observance of Rule 7.  The brief of the appellee or defendant in error shall contain, with pertinent references to the pages of the abstract, any points challenging the right of plaintiff in error to be heard; a full statement of any additional facts shown by the abstract and deemed essential; citation of authorities and discussion of the alleged errors, in the same order as in the brief of the plaintiff in error."

There are no specifications of error separately set forth and numbered.  The appeal is dismissed under authority of Taylor v. Taylor, 90 Okla. 128, 215 Pac. 1070, and Smith v. Walker, 116 Okla. 213, 243 Pac. 955.  In the Taylor Case this court held:

"Where the brief of plaintiff in error contains no assignment of error, but simply abstract propositions of law, and fails to contain an abstract of the record sufficient to disclose the errors complained of as required by Rule 26 of this court, * * * this court may either dismiss the appeal or affirm the judgment."

Likewise in the Smith Case, it was said:

"Where the brief filed by plaintiff in error fails to assign error as required by Rule 26, of the rules of the Supreme Court (87 Okla. xxiii, 165 Pac. ix), but only in general terms complains of the action of the trial court in the trial of the case, the judgment will be affirmed.  Taylor v. Taylor, 90 Okla. 128, 215 Pac. 1070."

Cause dismissed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

SWINDALL, J., disqualified.