## CHERRY v. BOYLES.

No. 20436. Opinion Filed Sept. 8, 1931.

R. R. Rittenhouse, for plaintiff in error.

Erwin & Erwin, for defendant in error.

CULLISON, J. Plaintiff filed suit on note and chattel mortgage, to which defendant filed his answer and counterclaim, claiming plaintiff dispossessed him in violation of their agreement, that plaintiff wrongfully converted defendant's crop, and for damages for breach of lease. The case was tried to

a jury, with a verdict for defendant. The parties will be referred to as they appeared in the lower court.

The record discloses that plaintiff was the owner of a farm and store. Defendant and plaintiff entered into a contract whereby plaintiff rented defendant the farm under the following conditions: Plaintiff was to furnish all stock, tools, seed, feed, and such other supplies as needed in planting and harvesting the crop. Each party was to receive one-half of the crop when harvested. As a part of the agreement, plaintiff was to furnish defendant groceries from his store until the crop was harvested. Defendant moved on the farm in January, 1927. He and one of his sons performed considerable labor for plaintiff during the first nine months of the year, and also delivered a part of a bale of cotton to plaintiff, all of which entitled defendant to a credit of $237. When defendant moved on the farm, he owed plaintiff $103.04. On September 5, 1927, plaintiff demanded of defendant a note in the amount of $676.72 with a chattel mortgage on defendant's crop, said note falling due October 1, 1927. There was a dispute as to the reason for giving the note and mortgage. Defendant claimed there was no settlement made as to the amount due and no consideration for the same, but that it was an accommodation note requested by plaintiff to aid in securing a carload of flour.

In addition to the spring crop planted by defendant, it was agreed that he should sow some wheat, and he had plowed about 20 acres of ground for wheat. Immediately after defendant had signed the note and mortgage, friction developed between plaintiff and defendant. Plaintiff filed suit on the note and secured the appointment of a receiver for the crop covered by the mortgage. He also instituted a replevin action and replevined the farm equipment and work animals from defendant when defendant was gathering corn. The suit on the note, with defendant's counterclaim, was tried to a jury, and the jury returned a verdict for defendant, fixing the amount of his recovery at $500.

Plaintiff's brief sets out that the different assignments of error will be considered under the proposition of "errors of law occurring at the trial," and then proceeds, "the court erred in giving to the jury instructions Nos. 4, 5, and 6." (Brief, p. 31.) This is all that is contained in the brief that in any way resembles a specification of error. Defendant raises the question that the appeal should be dismissed because the brief of plaintiff does not comply with rule No. 26 of the Rules of the Supreme Court.

"* * * The brief shall contain the specifications of errors complained of, separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order, with strict observance of Rule 7. * * *"

In the case of Smith v. Walker, 116 Okla. 213, 243 Pac. 955, this court held (syllabus):

"Where the brief filed by plaintiff in error fails to assign error as required by rule 26 of the Rules of the Supreme Court (87 Okla. xxiii, 165 Pac. ix), but only in general terms complains of the action of the trial court in the trial of the case, the judgment will be affirmed. Taylor v. Taylor (1923) 90 Okla. 128, 215 Pac. 1070."

See, also, Lawless v. Pitchford, 32 Okla. 623, 126 Pac. 782; Taylor v. Taylor, 90 Okla. 128, 215 Pac. 1070; Rourke v. Gerlach-Barklow Co., 104 Okla. 239, 230 Pac. 901.

However, we have examined the record and briefs. The only error of law occurring at the trial urged by plaintiff was the giving of instructions Nos. 4, 5, and 6 by the court. Plaintiff does not cite a single Oklahoma case in support of his charge that the court erred in giving the instructions. All cases cited are from other jurisdictions. Defendant has covered the instructions complained of in his brief, and cites seven Oklahoma cases construing the law as given by the trial judge. The instructions as given were correct.

This case was tried to a jury, and the jury returned a verdict in favor of defendant on his counterclaim. This court held in Spring v. Major, 126 Okla. 150, 259 Pac. 125, syllabus paragraph No. 3:

"In a law action tried to a jury, the verdict of the jury and the judgment of the trial court thereon rendered will not be disturbed on appeal where there is any evidence in the record reasonably tending to support the findings of the jury."

The record of the trial court discloses no reversible error and the same is hereby affirmed.

LESTER, C. J., and RILEY, SWINDALL, and McNEILL, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent. ANDREWS, and KORNEGAY, JJ., not participating.

Note.—See under (2) R. C. L. 193 et seq.; R. C. L. Perm. Supp. p. 368; R. C. L. Pocket Part, title "Appeal," § 167.