**HEBBLE v. ABERNATHY, HOWELL & ABERNATHY et al.**

No. 27225.   April 27, 1937.

Rehearing Denied May 18, 1937.

Akin & Akin, for plaintiff in error.

G. C. Abernathy and Kenneth Abernathy, for defendants in error.

PHELPS, J.   This was an action in fraud for damages allegedly sustained by the plaintiff as a result of loaning money to one Williams upon the strength of representations made to plaintiff by one of the defendants, the general tenor of which was that Williams was trustworthy and owned sufficient unincumbered property to warrant plaintiff in making the loan, and similar allegations. The defendants named were (1) the law partnership, composed of three partners, of which the defendant having made such representations was one of said partners, and (2) another of said partners individually, and (3) the partner who made the representations. In other words, the plaintiff sued two of the partners individually, and also the partnership collectively. The trial judge sustained demurrers to the petition on behalf of all the defendants, and the plaintiff appeals.

The plaintiff does not seriously contend that there was error in the sustaining of the demurrer of the law partners as a business concern, nor the demurrer of the other individual defendant. The plaintiff does contend that there was error in the sustaining of the demurrer of the particular defendant who advised him to make the loan, and we have earnestly attempted, with the material furnished us by the plaintiff in error, to understand his contentions in this respect, as applied to the partner in question.

The plaintiff in error first filed his brief herein, entirely omitting to set forth any portion of the petition he is seeking to uphold against the judgment of the trial court. A motion was then filed seeking to dismiss the appeal, for failure of the plaintiff in error to comply with Rule 15 of this court, and the motion was denied, whereupon the plaintiff in error filed what is termed thereon a "Substitute Brief of Plaintiff in Error," wherein Rule 15 was again not complied with, since only three paragraphs of the petition were set forth in said brief, which is not sufficient compliance with the rule. After the filing of the answer brief by the defendants in error, composed in part by a renewal of their motion, the plaintiff in error filed a reply brief, and although his failure to comply with Rule 15 had again been forcibly asserted in the brief of defendants in error, he still made no further reference to the petition, in said reply brief, than he had theretofore.

The petition is unusually lengthy and complicated. It and its attached exhibits, all of which are material, consume 43 pages of the record. It is impossible to

ascertain the correctness or applicability of the contentions of plaintiff in error without constantly thumbing the record back and forth, attempting to determine what particular portion of the petition plaintiff in error is discussing on any page of his brief. This is an ignoring of the rule which proves a real and substantial handicap in this court. The defendants in error contend that the petition on its face, considered in connection with the exhibits attached thereto, shows that plaintiff has no cause of action, and that contention appears to be supported by the analysis of the petition which has been made by the defendants in error. Said defendants in error have analyzed the petition in detail, and have divided it into its separate parts in so far as the material allegations are concerned, though they do not copy the petition. In the absence of a counter showing by the plaintiff in error, aided by additional excerpts from the record, we must presume that the trial court was correct in its judgment, for, as stated in Taylor v. Taylor, 90 Okla. 128, 215 P. 1070.

"Error never is presumed in this court, and the burden is upon the plaintiff in error to disclose by his brief a sufficient part of the record, and the law applicable thereto, to support his theory that prejudicial error was committed by the trial court."

Rule 15 of this court (177 Okla. vii, 65 P. (2d) xxxiii) requires that:

"The brief of the moving party shall contain an abstract of the record, setting forth the material parts of the pleadings, * * * upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made by this court. * * *"

Said Rule 15 is substantially the same as former Rules 25 and 26, and in the case of Eberle v. Drennan, 40 Okla. 59, 136 P. 162, involving sustaining of a demurrer to a pleading, we said:

"The Supreme Court will not pass upon assignments of error based upon the action of the court below in sustaining a demurrer to a pleading, where the party complaining fails to comply with that part of court rule No. 25 (38 Okla. x, 95 P. viii) which requires him to set forth the material parts of the pleadings upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court."

In announcing the same rule in Harbour v. Harbour, 92 Okla. 166, 218 P. 681, we used the following language:

"Before a case can be considered by this court on appeal, the rule of this court must be observed by the attorneys, if they expect this court to overturn a solemn judgment of the trial court, and where the rules of this court are ignored and given no consideration whatever, as appears from the brief of plaintiff in error in this case, the court will not consider the appeal and reverse the judgment of the lower court."

The rule has been consistently followed for a number of years in this state, and recently was again announced in the case of Schroeder v. Sanford-Felt Inv. Co., 177 Okla. 54, 57 P. (2d) 601.

The defendants in error have repeatedly charged that the petition on its own face precludes recovery, and have set forth their reasons therefor with great clarity. This contention is significantly strengthened by the repeated failure of the plaintiff in error to comply with the rule by setting forth the pleadings upon which he relies. While in a simple case the rule may in some instances be relaxed, it should not be done in an instance of the present kind, where the issues are greatly involved. If in such a case, then, as this, the rule should not be enforced, it would fail of accomplishing whatever good it may cause or evil it may avoid in any case.

While in view of the argument advanced by the defendants in error the judgment of the trial court clearly appears correct, and while such argument is not, in our opinion, successfully controverted by the brief of plaintiff in error, it is preferable, in view of the foregoing, to dismiss the appeal for failure to comply with the rules, instead of affirming the judgment, and it is so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.