DOUGLAS et al. v. MARTIN et al.

No. 34794. Feb. 27, 1951.

Rehearing Denied March 20, 1951.

228 P. 2d 1021.

Owen F. Renegar, Oklahoma City, for plaintiffs in error.

Otey, Johnson & Evans, Ardmore, for defendants in error.

CORN, J. Mimy Douglas brought an action to quiet title to certain real property. This property had been sold by foreclosure and a sheriff's deed issued June 26, 1930. The property was transferred by subsequent conveyances to certain defendants in error. Defendant in error W. W. Martin acquired his interest by warranty deed April 26, 1931, and has been in continuous possession of the lands acquired since that date,

except certain interest conveyed by him to other defendants in error. The defendants in error, W. W. Martin, Mrs. P. B. Conlee, C. D. Williams, and Sam McDaniel filed their answer setting up their various interests acquired after foreclosure. The defendant in error Samedan Oil Company filed a separate answer and cross-petition setting up a leasehold estate in the oil and gas rights and seeking to quiet the title against any adverse claims including the claim of Mimy Douglas. Ludie Douglas, the husband of Mimy Douglas, was made a party. Mimy Douglas then filed a reply alleging that the foreclosure and the subsequent conveyances were void, and further alleging that she had maintained continuous possession of the premises since acquiring title thereto. Ludie Douglas by answer joined in the claim of his wife, the plaintiff. From an adverse judgment, Ludie Douglas and Mimy Douglas appeal.

A motion to dismiss has been filed for the reason that the brief of plaintiffs in error does not comply with the rules of this court. The motion to dismiss must be sustained.

In Brunson v. Emerson et al., 34 Okla. 211, 124 P. 977, it is stated:

"A 'brief' is a written presentation of the questions involved in a forensic controversy and of the matters of fact and of law which demand investigation. The primary object is to convey information to the court, and this cannot be done without clearly stating the manner in which the controverted points arise, the facts which constitute the groundwork of the legal dispute, and the governing propositions of law."

In Hebble v. Abernathy, Howell & Abernathy et al., 180 Okla. 105, 67 P. 2d 970, it is stated:

"Error never is presumed in this court, and the burden is upon the plaintiff in error to disclose by his brief a sufficient part of the record, and the law applicable thereto, to support his theory that error was committed by

the trial court (Taylor v. Taylor, 90 Okla. 128, 215 P. 1070),"

In the opinion it is stated:

"Rule 15 of this court (177 Okla. vii, 65 P. 2d xxxiii requires that: 'The brief of the moving party shall contain an abstract of the record, setting forth the material parts of the pleadings, . . . upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made by this court . . .' "

Although there is a portion of the brief headed "statement of facts," the alleged facts relied upon are not set out. The facts as set out above in the opinion were obtained from the record. The record contains 224 pages. There are many exhibits consisting of conveyances relating to the title of the property. Several witnesses testified. None of the evidence is abstracted or set out and there are no references to the pages of the record. There is not even a resume of the evidence upon which plaintiffs in error rely for a reversal. There are two general propositions which plaintiffs in error allege they present, but they are not presented so that any issue may be determined by this court. It is not the duty of this court to brief the case for the parties or to search the record to effect a reversal of the judgment where plaintiffs in error have failed to show that an issue is presented which should be determined.

Appeal dismissed.