Roy E. SMITH, Appellant,

v.

Linda G. SMITH, Appellee.

No. 51160.

Court of Appeals of Oklahoma, Division No. 1.

April 11, 1978.

Released for Publication by Order of Court of Appeals May 18, 1978.

D. Hays Foster, Oklahoma City, for appellant.

Beaven & Barragree by John E. Beaven, Oklahoma City, for appellee.

REYNOLDS, Judge:

In this appeal Roy E. Smith challenges an award of an attorney's fee and expert witness fees awarded by the trial court in a divorce action. The balance of the divorce decree is unassailed in this appeal. The trial court issued a decree of divorce terminating the marriage between the plaintiff Roy E. Smith and Linda G. Smith, reserving jurisdiction to determine fees and costs at a later time. After two witnesses were examined on the matter of attorney fees and other examination was made relative to expert witness fees, the trial court determined a reasonable fee for Linda's attorney was $10,000 and ordered plaintiff to pay $7,000 of that amount, in addition to expert witness fees in the amount of $1,657.50. The appellant contends in this appeal that Rule 30 of the Rules of the District Court of the Seventh Judicial District preclude an award of this suit money because there was no application and order therefor prior to incurrence of the expense. Secondly the appellant argues that the amount of fees awarded is arbitrary and confiscatory in light of the fact that the divorce was concluded without the necessity of a trial on the merits by an agreed Journal Entry. In his designation of record on appeal the appellant specified only "Pleadings by the parties and orders of the Court."

The resolution of the two questions raised by the appellant revolve upon questions of fact. The trial court did authorize expenditures under Rule 30, in his pretrial order. The appellant contends the fees were, at least in part, incurred prior to this order and thus not recoverable. The issue revolves around the evidence as to when the expenses were incurred; a simple question of fact. Likewise the matter of an excessive award of fees must revolve around the evidence of work done, time spent, difficulty of the issues presented by this action and other relevant criteria. The appellant bears the burden of including in the record on appeal those portions of the trial court proceedings to demonstrate the asserted error. *Taylor v. Taylor*, 90 Okl. 128, 215 P. 1070 (1923). The error allegedly committed by the trial court must be demonstrated to the appellate court because it is a well settled rule that the trial court will not be presumed to have committed error. *Douglas v. Martin*, 204 Okl. 264, 228 P.2d 1021 (1951). This court is not at liberty to utilize unsupported statements made in the brief of a party as a basis for an appellate decision. *Price v. Price*, 471 P.2d 894 (Okl. 1970). The statements made in appellant's brief are not accompanied by the transcript or a citation thereto. In the absence of a transcript we must assume that the trial court's judgment is sustained by the evidence. *Nicholson v. McGuire et al.*, 434 P.2d 887 (Okl.1967); *Gilkes v. Gilkes*, 389 P.2d 503 (Okl.1964); *Welfare Federation Act Committee of 1,000 v. Richardson*, 281 P.2d 428 (Okl.1955). The judgment and order of the trial court are affirmed.

AFFIRMED.

BOX, P. J., and ROMANG, J., concur.