**MFA INSURANCE COMPANY, a Corporation, Appellant,**

v.

**Robert L. JONES, d/b/a Pickup and Truck Salvage, Appellee.**

No. 53164.

Court of Appeals of Oklahoma, Division No. 1.

Aug. 5, 1980.

Released for Publication by Order of Court of Appeals Sept. 4, 1980.

Richard A. Pyle, Eufaula, for appellant.

Gary P. Snow, Holdenville, for appellee.

BOX, Judge:

An appeal by the plaintiff below from a judgment against it on the defendant's cross–petition.

The plaintiff, MFA Insurance Company, a Missouri corporation, filed a replevin action against the defendant, Robert L. Jones, d/b/a Pickup and Truck Salvage, to recover a 1977 Kawasaki motorcycle. Jones entered an answer denying all allegations of MFA, except that he was in possession of the motorcycle. Jones also filed a cross–petition by which he sought to recover costs of storage and safekeeping. The matter was tried to the court, and the court granted possession of the motorcycle to MFA on its petition. It entered judgment for Jones against MFA on his cross–petition in the sum of $1,608. MFA appeals the judgment against it on Jones' cross–petition.

The judgment was entered on December 7, 1978. On that same day MFA's motion for a new trial was overruled. MFA filed a petition in error in the Oklahoma Supreme Court on January 8, 1979. The record designated on appeal contained no transcript of record, and no narrative statement was submitted. See 12 O.S.1971, Ch. 15, App. 2, Rule 1.22.

In reviewing a judgment of a trial court, error is never presumed. It must be affirmatively demonstrated by the complaining party. *Batts v. Carter*, Okl., 312 P.2d 472; *Smith v. Smith*, Okl.App., 579 P.2d 841, 842. It is the duty of the appealing party to cause to be prepared and filed a sufficient trial court record to show cause for reversal at the appellate level. *King v. Sherrill*, Okl., 496 P.2d 803, 804. Since the only record before this Court fails to show affirmatively that the trial court erred, we must presume no prejudicial error was committed. *Pracht v. Oklahoma State Bank*, Okl., 592 P.2d 976, 978. The record before us consists only of the pleadings, motions, court minutes, and journal entry.

We note that the Appellee, Jones, filed a motion to dismiss the appeal. One of the grounds for dismissal was that there was an insufficient record before the court to show grounds for reversal. We find it unnecessary to address this motion under our disposition of the case. We affirm and assess the costs of this appeal to the Appellant.

AFFIRMED.

REYNOLDS, P. J., and ROMANG, J., concur.